**Juan ROCHA, Appellant (Defendant),**

v.

**Anna M. ROCHA, Appellee (Plaintiff).**

No. 95–222.

Supreme Court of Wyoming.

Oct. 4, 1996.

Bernard Q. Phelan, Cheyenne, for Appellant.

* Chief Justice at time of conference.

James W. Gusea of Gusea, Pattno & White, P.C., Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN* and LEHMAN, JJ.

TAYLOR, Chief Justice.

This is a divorce case concerning child custody and child support brought by appellant, Juan Rocha. The district court awarded custody and back child support payments to appellee, Anna Rocha.

We affirm.

## I. ISSUES

Appellant states the issues as follows:

### I

Was there sufficient evidence demonstrating a substantial change of circumstances to justify the modification of an order of custody of children in a divorce decree?

### II

Is the appellant entitled to a set-off against a property division order?

### III

Did the court abuse its discretion by awarding attorney fees to [appellee] with[out] evidence of need or reasonableness and as a penalty?

Appellee states the issues as follows:

### I.

Was there sufficient evidence demonstrating a substantial change of circumstances to justify the modification of an order of custody of children?

### II.

Is the appellant entitled to a set-off against a property division order?

### III.

Did the lower court abuse its discretion by awarding attorney's fees from appellant to appellee?

## II. FACTS

In January of 1991, Juan and Anna Rocha were divorced. Anna received custody of their two younger sons while Juan retained custody of their eldest son. In March of 1991, Anna transferred custody of the two younger children to Juan. In 1993, all three children ran away from Juan's home in Wheatland, Wyoming and, eventually, came to live with Anna in Cheyenne, Wyoming. To memorialize the new arrangement, a stipulation and agreement was prepared and signed by Anna, but not signed nor approved by Juan. The stipulation and agreement was filed, and the district court adopted its terms and entered an order of modification on October 19, 1993. Pursuant to that order and an order and notice requiring the withholding of income, Juan's employer was required to withhold $1,400.00 per month from his paycheck for child support.

In May of 1994, Juan filed a motion requesting the district court set aside its October 1993 order for modification. In May 1995, the district court awarded custody of the children to Anna, vacated the October 1993 order for modification, and required that attorney's fees be paid to Anna. Child support was then set at $276.00 per child. Juan challenges the May 1995 order for modification in this appeal.

## III. DISCUSSION

### A. STANDARD OF REVIEW

■ After a divorce decree has been entered, the district court has continuing jurisdiction to modify that decree. Wyo. Stat. § 20–2–113(a) (Cum.Supp.1996). A district court's decision to modify a divorce decree is reviewed for abuse of discretion. *Cranston v. Cranston*, 879 P.2d 345, 348 (Wyo.1994). Abuse of discretion occurs when a court's decision exceeds the bounds of reason or constitutes an error of law. *Id.* (*quoting Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993)).

### B. CUSTODY MODIFICATION

■ Juan contends that legal custody should have remained with him since insufficient evidence was presented to establish a change in circumstances that would warrant a change in legal custody. We disagree. The three children in this case ran away from Juan's home in Wheatland in order to live with their mother in Cheyenne. All three children indicated a strong preference for living with Anna. Whether there has been a substantial change in circumstances that will justify a change in custody is principally a question of fact, and we accord a great deal of deference to the district court's decision. *Yates v. Yates*, 702 P.2d 1252, 1256 (Wyo.1985). Further, the preference of older children is an important factor in determining custody. *Id.* Other factors that are indicative of a substantial change in circumstances in this case include the fact that the children stole a car, were involved in the juvenile justice system, and were ultimately removed from Juan's custody and placed in Anna's home by the juvenile court. Based on the evidence, we cannot say that the district court's actions exceeded the bounds of reason or that an error of law was committed when Anna was awarded custody of the three children.

### C. SET-OFF AGAINST PROPERTY SETTLEMENT

■ Next, Juan argues that since he did not sign the October 1993 stipulation and agreement, the child support he paid pursuant to the October 1993 order for modification, which was based on that stipulation and agreement, should be offset against what he owes on the property settlement. The district court agreed with Juan that the October 1993 order for modification was void, but refused to offset the child support payments against the property settlement. Instead, in the May 1995 order for modification, the district court gave Juan a $1,563.71 credit for over payment of child support and modified the divorce decree to further the best interests of the children. These actions cannot be construed as an abuse of discretion.

■ The district court retained jurisdiction over this matter and was authorized to enter the May 1995 order for modification regardless of whether Juan signed the October 1993 stipulation and agreement. Wyo. Stat. § 20–2–113(a). Further, offsets are not allowed in Wyoming. *See Broyles v. Broyles,* 711 P.2d 1119, 1125–26 (Wyo.1985) (noting that set-offs impair the children's right to support). The district court did not abuse its discretion in ruling as it did in the May 1995 order for modification. Nor did the district court abuse its discretion in concluding that the child support payments could not be offset against the original property settlement.

### D. Attorney's Fees

■ Finally, Juan argues that attorney's fees should not have been awarded because there was no evidence that the fees were necessary. In a divorce case, "the court may require either party to pay any sum necessary to enable the other to carry on or defend the action * * *." Wyo. Stat. § 20–2–111 (1994). Juan argues that the statute requires proof of necessity. We disagree.

■ The decision to award attorney's fees rests within the sound discretion of the district court when such fees are authorized by statute. *State, Dept. of Family Services, Div. of Public Assistance and Social Services v. DDM,* 877 P.2d 259, 260 (Wyo.1994). We hold that the question of necessity raised in Wyo. Stat. § 20–2–111 also rests within the sound discretion of the district court. Of course, the party seeking to recover attorney's fees bears the burden of demonstrating the reasonableness of the fees and must also submit an itemized billing reflecting the time and rate charged. *Pekas v. Thompson,* 903 P.2d 532, 536 (Wyo.1995). An itemized list of Anna's attorney's fees was introduced at the hearing and Juan did not object to its introduction. Reasonableness is, of course, a component of the test articulated in *Pekas.* Here, the only evidence of reasonableness was the itemized list which was introduced with no objection from Juan. In the absence of an objection, the reasonableness of the attorney's fees will be determined by the district court through the exercise of its sound discretion. In making that decision,

the district court can rely on the itemized list and the directions provided by Wyo. Stat. § 1–14–126(b) (Cum.Supp.1996). The district court did not abuse its discretion when it awarded attorney's fees in this matter.

## IV. CONCLUSION

The district court's decision is affirmed in all respects.