2005 WY 103

**Frank N. FORSHEE and Nancy A. Forshee, husband and wife, Appellants (Defendants),**

v.

**Tom DELANEY and Deany Delaney, husband and wife, d/b/a Delaney Irrigation, Appellees (Plaintiffs).**

No. 04–126.

Supreme Court of Wyoming.

Aug. 26, 2005.

446

Representing Appellants: William R. Shelledy Jr., Worland, Wyoming.

Representing Appellees: Randy L. Royal, Greybull, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

HILL, Chief Justice.

[¶ 1] Appellees Tom and Deany Delaney, d/b/a Delaney Irrigation (Delaney), filed suit against Frank and Nancy Forshee (Forshee) seeking to be paid for Delaney's work installing a pivot irrigation system on farmland owned by Forshee. Forshee counterclaimed against Delaney, seeking damages for crop loss due to delays in the system becoming operational. The district court found in favor of Delaney on Delaney's claim, against Forshee on Forshee's counterclaim, and awarded Delaney attorneys fees. Forshee appeals the judgment on the issues of the initial claim and the award of attorneys fees. Forshee argues that the findings of fact by the district court contradict the weight of the evidence, and that the district court improperly awarded attorneys fees to Delaney. We affirm.

## ISSUES

[¶ 2] Forshee presents the following issues:

Whether the record contains evidence to sustain a judgment for attorneys fees and if so, whether the District Court abuse [sic] its discretion in awarding attorneys fees to [Delaney] without distinguishing between the fees covered by the parties' contract and those fees not covered by the parties' contract.

Whether the court erred in failing to find that the parties agreed to use the old pipeline in the new system and that [Forshees] were responsible for the functionability of the old line in the new system.

Whether the court's specific findings of fact set forth in paragraphs Nos. 20, 23 and 28 are inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence.

Whether the District Court erred when determining damages for breach of contract by including in its damages the cost of repairs of the old existing line and the costs of replacing the old existing line?

Is there any other theory upon which [Forshee] could recover for the costs of repairs to the old existing line and the costs of replacing the old existing line other than breach of contract as stated by the court?

Delaney states the issues in this way:

Are the District Court's findings of fact supported by the record; are they clearly erroneous?

Did the District Court abuse its discretion in the award of legal fees to [Delaney]?

Are the District Court's findings relative to damages clearly erroneous?

## FACTS AND PROCEEDINGS

[¶ 3] In May of 2001, Forshee and Delaney entered into an agreement for Delaney to install a pivot sprinkling irrigation system on Forshee's land. The specifics of the transaction were documented only by a quote prepared by Delaney and signed by Forshee. The quote contained a page of additional terms, two of which are relevant to this appeal: First, "No Agreements, representation, stipulations or conditions, verbal or otherwise not stated in this quotation will be recognized," and second, "The purchaser agrees to pay any legal fees involved in collecting and [sic] past due invoices."

[¶ 4] When Delaney's workmen began installation of the pipeline for the pivot system, they laid the pipeline out incorrectly, but in such a way that the new pipeline could connect to an existing pipeline on Forshee's property (referred to as the "red line" by the parties and throughout this opinion). Testimony of the parties diverges as to whether or not they agreed to change the original plan and use the red line, but, in the end, Delaney's workmen did install the pipeline for the pivot system using the red line. Almost immediately after the Delaney workmen completed the work, the pivot system developed problems. An existing electrical panel for the intake pump burned out, and Delaney replaced it with a new panel. On

another day, a snake got into the pump, and Delaney's workmen came out to lift the pump out of the water source (the Nowood River) and remove the snake. Most relevant to this lawsuit, the red line developed leaks and after Delaney's workmen repaired the red line two times, the parties agreed that if the red line leaked again, it would need to be replaced with new pipe. A third leak did occur, Delaney's workmen replaced the red line, and the system became operational. However, a few days after the red line was replaced, Forshee was notified of a call on the water from the Nowood River and was not allowed to draw water for the rest of the irrigating season.

[¶ 5] Delaney is being or has been paid the original amount of the contract under a lease financing agreement. Delaney brought this suit against Forshee for additional amounts owed due to replacement of the electrical panel, the work of removing the snake out of the pump, and the repairs to and replacement of the red line with new pipe. Forshee brought a countersuit against Delaney for the loss of the crop planted on the land irrigated by the system. After a bench trial, the district court found in favor of Delaney on his claim, against Forhsee on his counterclaim, and awarded Delaney damages in the principal amount of $18,922.64 plus accrued interest and attorneys fees of $11,211.53. Forshee appeals this aspect of the judgment but not the finding against him on his counterclaim for crop loss.

## STANDARD OF REVIEW

### A. Findings and Conclusions After a Bench Trial

[¶ 6] After a bench trial, our standard of review with respect to findings of fact made by the district court is well established:

The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail weighing disputed evidence. Findings of fact will not be set aside unless the findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Springer v. Blue Cross and Blue Shield of Wyoming,* 944 P.2d 1173, 1175–76 (Wyo.1997) (citations omitted).

### B. Award of Attorneys Fees

[¶ 7] Our standard of review when a party appeals an award of attorneys fees is also well established:

Wyoming subscribes to the American rule regarding recovery of attorney fees. Under the American rule, each party is generally responsible for his own attorney fees. However, a prevailing party may be reimbursed for his attorney fees when express statutory or contractual authorization exists for such an award.

*Alexander v. Meduna* 2002 WY 83, ¶ 49, 47 P.3d 206, 220–21 (Wyo.2002) (citations omitted). In addition to following the American rule as to **when** attorneys fees may be awarded, Wyoming also has adopted the two-factor federal lodestar test to determine the **reasonableness** of the award:

To determine the reasonableness of the attorneys' fees award, Wyoming employs the two-factor federal lodestar test. These factors are: '(1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward.' It follows therefrom that the trial court's determination concerning attorney's fees is reviewed under an abuse of discretion standard.

*Id.* at 221 (citations omitted).

## DISCUSSION

### A. Findings and Conclusions After a Bench Trial

[¶ 8] After careful review of the record, we find that the district court's findings of fact cannot be set aside as clearly

erroneous. The district court concluded that Delaney and Forshee did agree to change their written agreement and use the red line as part of the pipeline installation. Wyoming law recognizes that parties to a written contract can orally amend that contract, even when the language of the contract seeks to preclude that very thing. *Ruby Drilling Company, Inc. v. Duncan Oil Company, Inc.*, 2002 WY 85, ¶ 11, 47 P.3d 964, 968–69 (Wyo.2002).

> The party asserting that a written agreement was modified by the subsequent expressions of conduct of the parties must prove so by clear and convincing evidence. The question of whether modification of the written agreement has been proved by the required quantum of evidence is one to be decided by the trier of fact. We will not reverse the decision of the trier of fact unless that decision is clearly erroneous or contrary to the great weight of the evidence.
>
> Clear and convincing evidence is the "kind of proof which would persuade a trier of fact that the truth of the contention is highly probable."

*Id.* at 968–69 (citations omitted).

[¶ 9] In this case, the district court left no indication in the record of the standard it used to evaluate Delaney's contention that the parties orally agreed to change the original plan for the pipeline and use the existing red line in the pivot system. However, after examining the record, we determine that Delaney did show by clear and convincing evidence that such a verbal agreement was made and therefore the ruling of the trial court is not clearly erroneous.

[¶ 10] Testimony about whether or not Delaney and Forshee agreed to change the layout of the pipeline to include the red line is in controversy. Delaney testified that there was such an agreement, and Forshee testified that there was not and that, in fact, he objected to the change once he found out about the mistake. Two pieces of testimony from other witnesses sway us to allow Delaney to prevail. First, Delaney's wife, Deany, testified that she heard Delaney's side of the telephone conversation discussing with Forshee the idea of changing the layout of the pipeline to use the red line, and that it was obvious from Delaney's side of the conversation that the two men agreed to do so. Second, Forshee's son-in-law, Chris Bolken, testified that he called Forshee when he saw the pipe being laid out incorrectly and another time when he noticed the Delaney workmen using old valves in the installation instead of new ones. Forshee's response, according to Bolken, differs considerably between the two incidents. In the case of the valves, Bolken testified that "... during that time I talked to my father-in-law and told him that they are putting old valves back into this new system and he said something to that fact and got it changed around to where the new valves got put in." However, when Bolken called Forshee to tell him that the pipeline was being laid out in the wrong place, Forshee did not discuss what he was going to do with Bolken. We find it inconsistent that Mr. Bolken would be aware that Forshee objected to the use of old valves in a new pivot system, but would be unaware of Forshee's reaction to news that the pipe was being laid out at the wrong place.

[¶ 11] The district court also found that the parties agreed that if the red line leaked a third time, it would need to be replaced at an additional cost to Forshee. Again, we cannot conclude that the findings of the district court are clearly erroneous. Forshee, as a contractor who builds houses, and as someone familiar with the construction business, could not reasonably expect that Delaney would be offering to do such substantial work at no cost to Forshee.

[¶ 12] When testimony of witnesses is in conflict, without other evidence to substantiate one story or the other, we will not substitute ourselves for the trier of fact. The district court had opportunity to examine the witnesses and observe their demeanor and draw conclusions of credibility. Therefore, we cannot say that the finding of the district court is clearly erroneous, and we uphold the district court's findings with respect to the agreement and the damages awarded to Delaney under the agreement as verbally amended between the parties.

[¶ 13] Following from the conclusion that the parties did amend their written agreement and that Forshee breached that agreement by his failure to pay for the equipment and services Delaney provided, we decline to address Forshee's request to consider another theory under which he might prevail.

## B. Award of Attorneys Fees

[¶ 14] Forshee does not argue that no attorneys fees should be awarded in this case and does not dispute the reasonableness of such fees. Instead, he argues that the attorneys fees incurred by Delaney must be apportioned between Delaney's claim for payment of invoices and Forshee's counterclaim for crop loss. Forshee contends that attorneys fees relating to the counterclaim are not recoverable, as the language of the written contract between the parties does not allow them. Forshee cites as his authority *State Surety Company v. Lamb Construction Company,* 625 P.2d 184 (Wyo.1981).

[¶ 15] In *State Surety,* a subcontractor on a construction project brought a suit against the general contractor, the owner of the project, and the insurance company that had issued a labor and material payment bond for the project. The owner of the project and the general contractor filed cross-claims against each other, and all of the claims were heard together. The court found that the general contractor, by statute, and the insurance company, by the terms of the bond, were obligated to pay the costs and expenses to defend the claim against the subcontractor, including attorneys fees. However, with respect to the dispute between the owner and the general contractor, there was no contractual or statutory authorization for an award of attorneys fees to the owner. The court remanded the case to the district court for an apportionment of attorneys fees between the owner's defense of the suit brought by the subcontractor and the owner's dispute with the general contractor.

[¶ 16] The facts of *State Surety* do not align with the facts of this case closely enough to allow us to apply the same decision as to the allocation of attorneys fees among the individual issues. We required apportionment of attorneys fees in *State Surety* based upon the distinct nature of the issues in the suit between the subcontractor and the owner and the suit between the general contractor and the owner. In such a case, counsel for the owner was engaged in distinct activities that related only to one matter or the other. In the present case, we cannot say that counsel for Delaney could so distinctly divide his activities; instead, the defense of Forshee's counterclaim for crop loss is inextricable from pursuing Delaney's claim for breach of contract and payment of the invoices related to that contract. The issue in this case is whether or not Forshee owed Delaney money and if so, how much. Had Forshee been successful in his counterclaim, his damages would have offset the amount he owed to Delaney, rendering his counterclaim a necessary aspect of Delaney's suit to collect the past due invoices.

[¶ 17] In addition, it appears from the record that Forshee lodged no objection in the district court to Delaney's claim for attorneys fees at the time proof of such fees was offered. At trial, when Delaney's counsel began questioning in order to establish proof of legal fees, Forshee's counsel objected and suggested that the court "save some time." After the trial concluded, both parties submitted findings of fact and conclusions of law. Delaney's submission contained attorneys fees and an affidavit by Delaney's counsel as to the amount and reasonableness of the fees. The record contains no evidence of any objection to the fees by Forshee's counsel. Given the fact that it was at the suggestion of Forshee's counsel that the matter was put aside during the bench trial, we cannot reinstate Forshee's standing to appeal this matter at this point.

## CONCLUSION

[¶ 18] We cannot conclude that the findings of the district court are clearly erroneous or that the award of attorneys fees to Delaney is an abuse of discretion. Therefore, we affirm the judgment of the district court.