2008 WY 82

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**Stan Decker CANNON, Attorney
No. 6–3249, Respondent.**

**No. D–08–0002.**

Supreme Court of Wyoming.

July 16, 2008.

ORDER SUSPENDING ATTORNEY FROM
THE PRACTICE OF LAW

[¶ 1] **This matter** came before the Court upon a "Report and Recommendation," filed herein May 5, 2008, by the Board of Professional Responsibility for the Wyoming State Bar. After a careful review of the Board of Professional Responsibility's Report and Recommendation, the materials attached thereto, the Respondent's "Section 16 Affidavit and Stipulation to Discipline," and the file, this Court finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court; and that the Respondent Stan Decker Cannon should be suspended from the practice of law for a period of two months, beginning August 15, 2008. It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation, Respondent Stan Decker Cannon shall be, and hereby is, suspended from the practice of law for a period of two months, with that period of suspension beginning on August 15, 2008; and it is further

[¶ 4] **ORDERED** that, pursuant to Rule 26 of the Disciplinary Code for the Wyoming State Bar, Stan Decker Cannon shall reimburse the Wyoming State Bar the amount of $250.00, representing the costs incurred in handling this matter, as well as pay an administrative fee of $2,000.00, by paying the total amount of $2,250.00 to the Clerk of the Board of Professional Responsibility, on or before November 1, 2008; and it is further

[¶ 5] **ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 6] **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation, as a matter coming regularly before this Court as a public record. However, Respondent's "Section 16 Affidavit and Stipulation to Discipline" shall not be publicly disclosed nor made available for use in any other proceeding, except upon order of this Court; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 15th day of July, 2008.
**BY THE COURT:**

/s/ Barton R. Voigt
BARTON R. VOIGT
Chief Justice

ATTACHMENT

**BEFORE THE BOARD OF PROFES-
SIONAL RESPONSIBILITY**

**WYOMING STATE BAR**

**STATE OF WYOMING**

In the matter of
**STAN DECKER CANNON**
**WSB # 6–3249,**
  **Respondent.**

**Docket Nos. 2007–146, 2007–156, 2008–004, 2008–028**

## REPORT AND RECOMMENDATION

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1. Respondent Stan Decker Cannon is currently an active member of the Wyoming State Bar and has been since 1998. He resides in Rock Springs, Wyoming.

#### # 2007–146

2. On 29 October 2007, Respondent failed to appear at an Order to Show Cause hearing in regard to an allegation he had failed to provide discovery which had been due in May 2007. Respondent had a family emergency, but did not contact the Court or opposing counsel prior to that hearing.

3. Around this same time, Respondent also missed a scheduling conference in a civil matter for the same reason.

4. By missing these hearings and by not providing discovery as required by the W.R.C.P., Respondent violated Rule 3.4(c) of the Wyoming Rules of Professional Conduct. Respondent also violated Rule 3.2 by not moving the litigation forward.

#### # 2007–156

5. In February 2007, Respondent was retained by Tracy Hafner to handle an uncontested divorce. After meeting with the client in March, 2007 the Complaint was filed in April 2007. The Stipulation and Agreement was filed on May 18th and the client signed an Affidavit in Testimony on May 21st. The Court signed the Decree on June 28th. Thereafter, Respondent did not diligently file the necessary documents to complete a Qualified Domestic Relations Order that necessitated the client to obtain alternate counsel in that matter. Respondent also failed to return some of Ms. Hafner's phone calls to him inquiring about the status of the various aspects of the divorce.

6. By failing to diligently pursue this matter, Respondent violated Rule 1.3 of the Wyoming Rules of Professional Conduct. Respondent also violated Rule 1.4 by failing to properly communicate with his client.

#### # 2008–004

7. In April 2007, Respondent was retained to represent Richard Gostovich in regard to two domestic matters. In the course of the representation, Respondent diligently represented his client on the termination of parental rights case, but did not file the other matter in a timely manner. Respondent also failed to properly communicate with his client. Respondent was not paid the retainer amounts Mr. Gostovich was required to pay, but that does not excuse failing to do the work if he did not withdraw from the representation.

8. By failing to diligently pursue this matter, Respondent violated Rule 1.3 of the Wyoming Rules of Professional Conduct. Respondent also violated Rule 1.4 by failing to properly communicate with his client.

#### # 2008–028

9. In July 2005, Respondent agreed to represent Jayme McClain–Schoeneberg in regard to a divorce. Although he filed the petition, he did not pursue this matter to completion. Respondent also failed to properly communicate with his client during the pendency of this matter.

10. By failing to diligently pursue this matter, Respondent violated Rule 1.3 of the Wyoming Rules of Professional Conduct. Respondent also violated Rule 1.4 by failing to properly communicate with his client.

11. Respondent wants this suspension to be able to reorganize his practice and to take needed time off. He was offered a stipulated discipline which did not include suspension, but preferred the sanctions as outlined below.

12. Respondent has agreed not to take any civil legal matter which cannot be

completed by the date of his suspension, as recommended below. He will notify the public defenders office on 1 July 2008 that he will resign his position with that office as of 1 August 2008.

### CONCLUSIONS OF LAW

13. Standard 4.42 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a suspension for violations of Rules 1.3 and 1.4: "Suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client."

14. Standard 6.22 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a suspension for violations of Rules 3.2 and 3.4: "Suspension is generally appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference o potential interference with a legal proceeding."

15. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

   a. Applicable aggravating factors in this case are:

   i. Section 9.22(d)—multiple offenses and

   ii. Section 9.22(i)—substantial experience in the practice of law.

   b. Applicable mitigating factors are:

   i. Section 9.32(a)—absence of a prior disciplinary record, and

   ii. Section 9.32(e)—full and free disclosure to disciplinary board and cooperative attitude toward proceedings.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

16. As an appropriate sanction for his violations of Rules 1.3, 1.4, 3.2 and 3.4(c) of the Wyoming Rule of Professional Conduct, the Board of Professional Responsibility recommends that Respondent Cannon:

   A. Be suspended from the practice of law for 2 months, beginning on 15 August 2008, and that the decision from the Court not be released until 1 August 2008 so that Respondent's practice is not disrupted too long in advance of the suspension.

   B. Pay costs in the amount of $250.00 no later than 1 November 2008, and

   C. Pay the administrative fees for the four cases of $2000.00, no later than 1 November 2008.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended.

/s/ Joe Teig
Joe Teig, Chair
Board of Professional Responsibility