2009 WY 124

**Gary Allen WEISS, Appellant (Defendant),**

v.

**Kathryn Brinkman WEISS, Appellee (Plaintiff).**

**Kathryn Brinkman Weiss, Appellant (Plaintiff),**

v.

**Gary Allen Weiss, Appellee (Defendant).**

Nos. S–09–0030, S–09–0068.

Supreme Court of Wyoming.

Oct. 9, 2009.

VOIGT, Chief Justice.

[¶ 1]   These combined appeals arise out of post-divorce proceedings.  In S–09–0030, Father appeals the district court's order that he pay Mother $135,000 for the attorneys' fees and costs she incurred in defending his motion to modify custody, and in S–09–0068, Mother appeals the district court's order changing child custody in a subsequent proceeding.  Finding no abuse of discretion as to the first order, we will affirm it.  Finding that the district court lacked jurisdiction to enter the second order, we will dismiss that appeal and remand with instructions to vacate the order changing custody.

### ISSUES

[¶ 2]   1.   Whether the district court abused its discretion in awarding Mother $135,000 in attorneys' fees and costs under Wyo. Stat. Ann. § 20–2–111 (LexisNexis 2009)?

2.   Whether the district court had jurisdiction to enter an order modifying the child custody provisions of a divorce decree in the absence of a petition from either party/parent seeking such modification?

### FACTS

[¶ 3]   The issues in this case rest in its procedural development, rather than in the underlying facts, so it will be necessary for us to identify the major procedural steps shown in the record.  Mother filed for divorce on September 30, 2005.  The parties entered into a Property Settlement and Child Custody Agreement, which was filed on October 21, 2005.  A Decree of Divorce based upon that settlement agreement was entered on October 24, 2005. Custody of the children was shared by the parties, with Mother having primary residential custody.

[¶ 4]   On March 14, 2006, Father filed an Emergency Motion for Guardian Ad Litem and Emergency Motion for Temporary Custody to Defendant.  An Order Appointing Guardian Ad Litem was entered on March 16, 2006.  The parties then entered into a Stipulation of the Parties, filed on June 9, 2006, the terms of which were intended to

Representing Gary Allen Weiss: L. Kimberly Weiss of Law Offices of L. Kimberly Weiss, Wilson, Wyoming.

Representing Kathryn Brinkman Weiss: Kenneth S. Cohen of Cohen Law Office, P.C., Jackson, Wyoming, and Heather Noble of Jackson, Wyoming.  Argument by Mr. Cohen.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

supersede their prior agreement, although Mother continued to be the primary residential custodian. The district court entered an Order Adopting Stipulation of the Parties on June 16, 2006.

[¶5] On October 17, 2006, Father filed a Motion to Modify Custody, Re–Appointment of the Guardian Ad Litem and Motion for Hearing.[1] The guardian *ad litem* was reappointed by an order entered on October 30, 2006. Numerous discovery motions and orders, and other interim pleadings, including [Mother's] Motion for Review of Child Support Order, followed. On August 30, 2007, these disputes were resolved by the filing of an Amended Child Custody Agreement. The district court entered its Order Approving Amended Child Custody Agreement on October 19, 2007. Once again, Mother retained primary physical custody of the children.

[¶6] On January 24, 2008, Mother filed a Motion for (i) Attorney's Fees, (ii) Past Due Alimony, (iii) Reimbursement for Medical Expenses, Extracurricular Activities/School Fees, and (iv) Modification of Support. Father filed an objection to the reasonableness of the attorneys' fees, and a separate response to the entire motion. The matter was heard on October 8, 2008, and an Order followed on December 10, 2008. The district court awarded Mother attorneys' fees in the amount of $135,000 pursuant to Wyo. Stat. Ann. § 20–2–111, plus reimbursement by Father for medical expenses and extracurricular activities/school fees, the latter in unspecified amounts, but denied the request for past due alimony.[2] The district court also ordered the parties to file updated financial affidavits for consideration with regard to child support. Father's appeal of the December 10, 2008 order is before this Court in case number S–09–0030.

[¶7] The next pertinent document filed in this case was filed on December 30, 2008, not by one of the parties, but by the guardian *ad litem*. It is entitled "Notice of Filing Report of Dr. Steven Nelson Including Recommendations Regarding the Weiss Children and Motion by Guardian Ad Litem for Implementation of the Recommendations." On December 31, 2008, without notice to Mother, the district court entered its Order Accepting and Adopting the Recommendations of Dr. Steven Nelson and the Guardian Ad Litem and Transferring the Residential Custody of [the Parties' Children] to Their Father, Gary Weiss." The effect of that order, as its title suggests, was modification of the existing custody decree, changing custody of the children from Mother to Father, despite the absence of any petition to modify filed by either party/parent. Mother filed a belated response on January 5, 2009, which the district court set for hearing. After a hearing on January 28, 2009, the district court entered an Order for Change of Custody, transferring primary residential custody of the children to Father. Mother's appeal from that order is before this Court in case number S–09–0068.

## DISCUSSION

*Whether the district court abused its discretion in awarding Mother $135,000 in attorneys' fees and costs under Wyo. Stat. Ann. § 20–2–111 (LexisNexis 2009)?*

[¶8] Although Wyoming generally subscribes to the American rule regarding the recovery of attorney's fees, under which rule each party pays his or her own fees, a prevailing party may be reimbursed for attorney's fees when provided for by contract or statute. *Forshee v. Delaney*, 2005 WY 103, ¶7, 118 P.3d 445, 448 (Wyo.2005). In determining the reasonableness of the fees requested, our trial courts are to follow the

---

1. The relevant statutes, discussed below, refer to the filing of a "petition" rather than a "motion" when a modification is being sought. *See infra* ¶13.

2. Wyo. Stat. Ann. § 20–2–111 reads as follows:
   In every action brought for divorce, the court may require either party to pay any sum necessary to enable the other to carry on or defend the action and for support and the

support of the children of the parties during its pendency. The court may decree costs against either party and award execution for the costs, or it may direct costs to be paid out of any property sequestered, in the power of the court, or in the hands of a receiver. The court may also direct payment to either party for such purpose of any sum due and owing from any person.

federal lodestar test, which requires a determination of "(1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward." *Id.* at ¶ 7, at 448; *Shepard v. Beck,* 2007 WY 53, ¶ 17 n. 5, 154 P.3d 982, 989 (Wyo.2007).

[¶ 9] The statute relied upon to award attorneys' fees in this case was Wyo. Stat. Ann. § 20–2–111, the provisions of which are set forth above. *See supra* ¶ 6 n. 2. The statute does not require the party requesting an award of fees to prove financial necessity, nor is the award meant to punish the non-prevailing party. *Black v. De Black,* 1 P.3d 1244, 1252 (Wyo.2000); *Hendrickson v. Hendrickson,* 583 P.2d 1265, 1268 (Wyo.1978).

> [T]he decision to award attorney's fees under Wyo. Stat. Ann. § 20–2–111 rests within the sound discretion of the district court. *Russell v. Russell,* 948 P.2d 1351, 1355–56 (Wyo.1997); *Rocha v. Rocha,* 925 P.2d 231, 234 (Wyo.1996). The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness of the fees requested. *Id.*

*Seherr–Thoss v. Seherr–Thoss,* 2006 WY 111, ¶ 12, 141 P.3d 705, 712 (Wyo.2006).

[¶ 10] First, we must address Father's contention that the district court erred as a matter of law in awarding attorneys' fees under the statute, rather than looking to the attorneys' fees provision of the parties' June 2006 stipulation, which provided in pertinent part as follows:

> 26. The parties are entering into this agreement in the spirit of cooperation; however should either party fail to respect and abide by that spirit, the offended party may apply to the Court for the appropriate orders including attorney fees and costs.

[¶ 11] This Court does, indeed, have a preference for honoring divorce settlement agreements. *Richard v. Richard,* 2007 WY 180, ¶ 4, 170 P.3d 612, 614 (Wyo.2007); *Lewis v. Lewis,* 716 P.2d 347, 350 (Wyo.1986). However, even if we could say that the nebulous provision set forth above was capable of enforcement (*see supra* ¶ 10), the record in

this case simply does not show that Mother, who maintained primary custody of the children in the face of Father's modification attempt, "fail[ed] to respect and abide by" the spirit of the agreement, nor does the record support a description of Father as the "offended party." Furthermore, Father not having shown that, as a matter of law, attorney's fees statutes are "trumped" by the parties' agreement, we are not inclined to fault the district court for relying upon the statute in this instance. That is especially true because, rather than this being an attempt to enforce the 2006 stipulation, this was Father's attempt to modify it, and Mother was merely defending against that action.

[¶ 12] We cannot say that the district court's decision to award Mother her attorneys' fees and costs was unreasonable, or that Mother failed to prove the reasonableness of the fees under the federal lodestar test. Mother's motion was fifteen legal pages in length, with minute detail as to all that was involved in incurring the fees and costs. Attached to the motion was the affidavit of Mother's attorney, once again detailing the work done, the complexities of the case, the reasonableness of the hourly rate charged by himself and by other retained counsel, and attaching as exhibits thereto his itemized legal bills and those of other retained counsel. In addition, the record contains the transcript of the motion hearing during which counsel argued as to the reasonableness of the attorneys' fees.[3] We find that this case more nearly resembles *Breitenstine v. Breitenstine,* 2006 WY 48, ¶¶ 17–19, 132 P.3d 189, 194–95 (Wyo.2006), where we affirmed an attorney's fee award, than it does *Hinckley v. Hinckley,* 812 P.2d 907, 915 (Wyo.1991), where we reversed an attorney's fee award for lack of proof.

***Whether the district court had jurisdiction to enter an order modifying the child custody provisions of a divorce decree in the absence of a petition from either party/parent seeking such modification?***

[¶ 13] Generally, courts have "only that authority to act which is conferred by the subject statute." *Bush v. State,* 2003

---

3. An interesting fact, although perhaps not dispositive, is that Father's counsel and Mother's counsel billed almost identical amounts for their respective fees.

WY 156, ¶ 9, 79 P.3d 1178, 1183 (Wyo.2003) (quoting *Merkison v. State,* 996 P.2d 1138, 1141 (Wyo.2000)). It is well settled that divorce is purely a statutory process, with courts having no authority in such proceedings other than that provided by statute. *Urbach v. Urbach,* 52 Wyo. 207, 73 P.2d 953, 956 (1937); 24 Am.Jur.2d *Divorce and Separation* § 7 (2008). This limitation extends to the court's power to modify a divorce decree. *Aragon v. Aragon,* 2005 WY 5, ¶ 10, 104 P.3d 756, 759–60 (Wyo.2005); *Smith v. Smith,* 895 P.2d 37, 41 (Wyo.1995); *CSP v. DDC,* 842 P.2d 528, 531 (Wyo.1992); 24 Am.Jur.2d *Divorce and Separation* § 369 (2008). In that regard, Wyo. Stat. Ann. §§ 20–2–203(c) and 20–2–204(a) (LexisNexis 2009) allow any "party" or "parent" to seek modification of a custody order. No statute authorizes a child or his or her guardian *ad litem* to initiate a petition for change of custody. The husband and wife are the only proper parties in a divorce action; the parties' children are not parties. *Ihinger v. Ihinger,* 2003 VT 38, ¶ 7, 175 Vt. 520, 824 A.2d 601, 603 (Vt.2003); 24 Am.Jur.2d *Divorce and Separation* § 197 (2008). In the instant case, the district court modified custody, despite the absence of any petition to modify filed by either party/parent. It was without jurisdiction to do so.

## CONCLUSION

[¶ 14] The district court did not abuse its discretion in awarding Mother statutory at-torneys' fees and costs for her defense of Father's 2006 motion to modify custody, and we affirm that decision in S–09–0030. The district court was without jurisdiction, however, to modify custody based upon a report of the guardian *ad litem,* where no petition to modify had been filed by either party/parent. We therefore dismiss the appeal in S–09–0068 and remand to the district court for entry of an order vacating the Order for Change of Custody filed on February 13, 2009.

[¶ 15] Because this case involves the custody of children, with the imminent potential for a residential relocation, we note that the decision herein does not prevent the district court from hearing an appropriately filed petition regarding custody, which ought to be done with all deliberate speed, or from making temporary placement decisions in the best interests of the children, once such a petition has been filed. *See Inman v. Williams,* 2008 WY 81, ¶ 18, 187 P.3d 868, 876 (Wyo.2008).