2010 WY 163

**Victor L. McMURRY, Appellant (Plaintiff),**

v.

**Robyn Loving McMURRY, Appellee (Defendant).**

No. S–10–0039.

Supreme Court of Wyoming.

Dec. 15, 2010.

Representing Appellant: Weston W. Reeves and Anna Reeves Olson, Park Street Law Office, Casper, Wyoming. Argument by Mr. Reeves.

Representing Appellee: Kim D. Cannon and Alison Ochs of Davis & Cannon, Sheridan, Wyoming. Argument by Mr. Cannon.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Victor L. McMurry (Husband), challenges the Decree of Divorce entered of record by the district court on December 9, 2009. Husband contends the district court's conclusion that Husband in-tended to gift one-half of his overriding royalty interests to Appellee, Robyn Loving McMurry (Wife), is clearly erroneous. He also contends that the district court abused its discretion by allocating one-half of the parties' combined estates to Wife. Finally, he contends that the district court erred by awarding Wife attorney's fees when she plainly did not need them to defend the action. We will affirm the decree of divorce in all respects, as well as the award of attorney's fees.

## ISSUES

[¶ 2] Husband raises these issues:

A. Whether the trial court's conclusion that [Husband] intended to gift one-half of his overriding royalty interests to [Wife] was clearly erroneous.

B. Whether the erroneous finding that [Husband] intended his overriding royalties to be joint property removed from the analysis of factors material to finding an equitable division of assets, the required consideration of "the party through whom the property was acquired."

C. Whether the trial court abused its discretion by allocating one-half of the parties' combined estates to [Wife].

D. Whether the trial court abused its discretion by awarding [Wife] attorney's fees when she plainly did not need them to defend the action.

Wife summarizes the issues like this:

1. Did the district court abuse its discretion by awarding Wife approximately one-half of the marital assets?

2. Did the district court abuse its discretion in awarding Wife her attorney's fees and costs?

## FACTS AND PROCEEDINGS

[¶ 3] Husband's Complaint for Divorce was filed in the district court on July 29, 2005. The parties stipulated to a comprehensive list of the assets owned by them. That list included jointly held property, as well as property owned by the parties separately. The parties were married in the summer of 1981. Wife lived in the parties'

Phoenix home for over 20 years preceding the trial in this matter and is very much attached to that home.

[¶ 4] A very significant piece of evidence in this case was the testimony of Robert Taylor. Taylor's services were arranged for by Wife's attorney. He created a report entitled "Assessment of Future Care Needs." In that report he concludes that Wife cannot care for herself at all and needs around the clock care and supervision. She will continue to need that care as long as she lives. Based on an evaluation of Wife's current living expenses, an estimate was produced that the approximate sum of $9,000,000.00 would be needed to maintain her living circumstances in her home in Phoenix for a period of 28.5 years. Wife was born during the autumn of 1953. One of Husband's central claims is that Wife's annual living expenses could be dramatically reduced if the large, expensive home she currently occupies was sold in favor of more modest accommodations (i.e., $200,000.00 townhouse versus $1,000,000.00 family home). He also points to other living expenses, including three automobiles, which are in excess of her needs.

[¶ 5] There are very few facts in dispute. The principal source of controversy in this case arises because much of the marital estate was amassed through gifts from Husband's father. The deposition of Neil McMurry is a part of the record on appeal. In that deposition he explains the circumstances surrounding his gifts of property to his son. In his testimony at trial, Husband explained his handling of the property gifted to him by his Father.

[¶ 6] The district court resolved the disputes over the division of the marital estate in an 18 page Decision Letter and a nine-page Decree of Divorce. The district court divided the marital estate of approximately $18 million into, more or less, two equal shares. In addition, the district court ordered that Husband pay to wife $106,421.94 for her attorney's fees and court costs. We will include other pertinent facts in our discussion of the individual issues.

## DISCUSSION

### Standard of Review

[¶ 7] Wyo. Stat. Ann. § 20–2–114 (Lexis-Nexis 2009) provides:

**§ 20–2–114. Disposition of property to be equitable; factors; alimony generally.**

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability to pay and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

[¶ 8] Our jurisprudence provides us with many applicable precedents. In *Warren v. Warren*, 361 P.2d 525, 526–27 (Wyo. 1961) we iterated these basic principles which endure to this day:

...[O]n several previous occasions this court has announced these principles with respect to property divisions in divorce cases: (1) In making a division of property under the statute the trial court exercises a discretion; (2) there are no hard and fast rules to control its action; (3) the statute does not require an equal division; (4) a just and equitable division is as likely as not to be unequal; and (5) the decision of the trial court should not be disturbed, except on clear grounds, as that court is usually in a better position than the appellate court to judge of the respective merits and needs of the parties.

Also see, *Barbour v. Barbour*, 518 P.2d 12, 15–16 (Wyo.1974); *Kane v. Kane*, 577 P.2d 172, 174–76 (Wyo.1978); *Breitenstine v. Breitenstine*, 2003 WY 16, ¶ 9, 62 P.3d 587, 590–91 (Wyo.2003); *Wallop v. Wallop*, 2004 WY 46, 88 P.3d 1022 (Wyo.2004); *Humphrey*

*v. Humphrey*, 2007 WY 72, ¶¶ 8–15, 157 P.3d 451, 453–55 (Wyo.2007).

[¶ 9] In *Moss v. Moss*, 2007 WY 67, ¶ 4, 156 P.3d 316, 317–18 (Wyo.2007) we repeated our longstanding view that:

> The division of marital property is within the sound discretion of the district court. *Hall v. Hall*, 2005 WY 166, ¶ 5, 125 P.3d 284, 286 (Wyo.2005); *DeJohn v. DeJohn*, 2005 WY 140, ¶ 11, 121 P.3d 802, 807 (Wyo.2005); *Hoffman v. Hoffman*, 2004 WY 68, ¶ 9, 91 P.3d 922, 925 (Wyo.2004). We afford the district court considerable discretion to structure a distribution scheme appropriate to the peculiar circumstances of the case, and we will not disturb its determination absent clear grounds demonstrating that the court abused its discretion. *Hoffman*, ¶ 9, 91 P.3d at 925. Whether the district court's property division is just and equitable is evaluated from the perspective of the overall distribution of marital assets and liabilities rather than the effects of any particular disposition. *Dunham v. Dunham*, 2006 WY 1, ¶ 6, 125 P.3d 1015, 1016–17 (Wyo.2006). We generally defer to the district court's findings since it is in a better position to assess the witnesses' credibility, weigh the evidence and judge the respective merits and needs of the parties. *Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003). We will find an abuse of discretion when the property disposition shocks the conscience of the Court and appears to be so unfair and inequitable that reasonable people could not abide it. *Hall*, ¶ 5, 125 P.3d at 286; *Mann v. Mann*, 979 P.2d 497, 500 (Wyo.1999).

[¶ 10] Husband asserts that the district court did not give adequate consideration to the source of Husband's wealth. The record reveals that the district court made findings about the origin of all of the assets in the marital estate. The district court gave full recognition to the circumstance that Husband received gifts from his father which included stock in a family owned company and overriding royalties paid on production from Jonah Field. At the time the gifts were made, they did not have the value they came to have after the discovery of the magnitude of the productivity of the mineral reserves contained therein. In support of his argument, Husband relies in part on Wyo. Stat. Ann. § 20–1–201 (LexisNexis 2009). That statute provides:

§ **20–1–201. Separate estate of real and personal property; not subject to control of spouse; exceptions.**

All property belonging to a married person as his separate property which he owns at the time of his marriage or which during marriage he acquires in good faith from any person by descent or otherwise, together with all rents, issues, increase and profits thereof, is during marriage his sole and separate property under his sole control and may be held, owned, possessed and enjoyed by him the same as though he were single. Such property is not subject to the disposal, control or interference of his spouse and is exempt from execution or attachment for the debts of his spouse if the property was not conveyed to him by his spouse in fraud of his creditors. The necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, for which they may be sued jointly or separately.

[¶ 11] When that statute is considered in light of § 20–2–114, it is clear that it does not affect the district court's discretion to "make such disposition of the property of the parties as appears just and equitable." Rather, it speaks only to the limitations on the availability of separate property of one spouse, to the other spouse, during the course of the marriage.

[¶ 12] Husband contends that there is no evidence that Husband's father intended the "gift" of overriding royalties to confer one-half of Husband's interest to Wife. However, that argument begs the issue. Even if the property was Husband's separate property, it was still within the jurisdiction of the district court to divide between Husband and Wife, incidental to dissolution of the marriage and the distribution of all marital assets.

[¶ 13] Husband also appears to argue that because this Court has often affirmed divisions of marital estates that were

not 50/50, indeed some of them were more like 90/10, then that circumstance serves to support his contention that the 50/50 split in this case, wherein most of the wealth to be divided can be traced to Husband, is an abuse of discretion. See *France v. France,* 902 P.2d 701, 702–6 (Wyo.1995). A review of this Court's decisions does not show much of a "pattern," of any sort. Indeed, it might well be said that the division of marital estates is at best a hodgepodge of decision with little rhyme or reason. However, at bottom, that is just what is contemplated by our often applied standards of review. Each case is to be decided on its unique set of facts and circumstances and this Court will not interfere unless and until the record as a whole clearly establishes that the property division is so irrational as to shock the conscience of the Court. That level of irrationality is not present here. Indeed, we will go so far as to say that a 50/50 split of the assets is likely the "ideal" in many cases.

[¶ 14] While our cases most often emphasize that the division of marital property in circumstances like these is, as likely as not, not to be two "equal" shares, we have never held or even intimated that an almost exact 50/50 split of the marital estate is likely to be an abuse of discretion. Although our cases have never held that "equitable" means "equal," likewise we have never held that "equal" shares are not "equitable." Our cases are very clear on the point contested by Husband, i.e., *all property* of the parties is subject to distribution. *Humphrey,* ¶¶ 12–15, 157 P.3d at 454–55.

[¶ 15] We hold that the distribution of assets fashioned by the district court was not an abuse of discretion, and it does not shock the conscience of this Court.

### The Award of Attorney's Fees and Costs

[¶ 16] The district court's authority to award a spouse attorney's fees and costs is found in Wyo. Stat. Ann. § 20–2–111 (LexisNexis 2009):

**§ 20–2–111. Alimony during pendency of action; allowances for prosecution or defense of action; costs.**

In every action brought for divorce, *the court may require either party to pay any sum necessary to enable the other to carry on or defend the action* and for support and the support of the children of the parties during its pendency. The court may decree costs against either party and award execution for the costs, or it may direct costs to be paid out of any property sequestered, in the power of the court, or in the hands of a receiver. The court may also direct payment to either party for such purpose of any sum due and owing from any person. [Emphasis added.]

[¶ 17] In *Weiss v. Weiss,* 2009 WY 124, ¶¶ 8–9, 217 P.3d 408, 410–11 (Wyo. 2009), we explained:

Although Wyoming generally subscribes to the American rule regarding the recovery of attorney's fees, under which rule each party pays his or her own fees, a prevailing party may be reimbursed for attorney's fees when provided for by contract or statute. *Forshee v. Delaney,* 2005 WY 103, ¶ 7, 118 P.3d 445, 448 (Wyo.2005). In determining the reasonableness of the fees requested, our trial courts are to follow the federal lodestar test, which requires a determination of "(1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward." *Id.* at ¶ 7, at 448; *Shepard v. Beck,* 2007 WY 53, ¶ 17 n. 5, 154 P.3d 982, 989 (Wyo.2007).

The statute relied upon to award attorneys' fees in this case was Wyo. Stat. Ann. § 20–2–111, the provisions of which are set forth above. See supra ¶ 6 n. 2. *The statute does not require the party requesting an award of fees to prove financial necessity,* nor is the award meant to punish the non-prevailing party. *Black v. De Black,* 1 P.3d 1244, 1252 (Wyo.2000); *Hendrickson v. Hendrickson,* 583 P.2d 1265, 1268 (Wyo. 1978).

[T]he decision to award attorney's fees under Wyo. Stat. Ann. § 20–2–111 rests within the sound discretion of the district court. *Russell v. Russell,* 948 P.2d 1351, 1355–56 (Wyo.1997); *Rocha v. Rocha,* 925 P.2d 231, 234 (Wyo.1996). The

party seeking to recover attorneys' fees bears the burden of establishing the reasonableness of the fees requested. *Id. Seherr–Thoss v. Seherr–Thoss,* 2006 WY 111, ¶12, 141 P.3d 705, 712 (Wyo.2006). [Emphasis added.]

 [¶18] In *Black v. De Black,* 1 P.3d 1244, 1252–53 (Wyo.2000) we spoke directly to the use of the word "necessary" as used in the above-cited statute:

> The purpose of attorney fees in a divorce case is to assist the party, as necessary, so that the party can carry on or defend the action. *Hendrickson v. Hendrickson,* 583 P.2d 1265, 1268 (Wyo.1978); *Prentice v. Prentice,* 568 P.2d 883, 886 (Wyo.1977). The party seeking to recover attorney's fees bears the burden of demonstrating the reasonableness of the fees and must submit an itemized bill reflecting the time and rate charged. *Pekas v. Thompson,* 903 P.2d 532, 536 (Wyo.1995) (quoting *Hinckley v. Hinckley,* 812 P.2d 907, 915 (Wyo.1991)). Even though Hessel [f/k/a DeBlack] and Black are both independently wealthy, the statute does not require that Hessel establish financial necessity for the award of attorney's fees and costs. *Rocha,* 925 P.2d at 234. Hessel attached an itemized list of her expenses to her Reply to Defendant's Response and Objection to Plaintiff's Bill of Costs and Attorney's Fees. That document was sufficient to establish reasonableness in light of the expenditures Black made to create his elaborate presentations in this case. Hessel's expenses under the circumstances were reasonable and necessary to a defense against the attack mounted by Black on the Decree of Divorce. We find in this record more than sufficient information to permit the district court reasonably to decide as it did, and nothing indicates that the decision was arbitrary or capricious. In the absence of an abuse of discretion, we affirm the order awarding Hessel attorney fees and costs.

Also see *Rocha v. Rocha,* 925 P.2d 231, 234 (Wyo.1996).

[¶19] In this case Husband did not challenge the reasonableness of the attorney's fees. He suggests that the Court has written the word "necessary" out of the statute by judicial construction/fiat. Husband contends that Wife had ample money to pay her own attorney's fees. We believe Husband has missed the mark completely in this analysis. The award of attorney's fees in cases such as this is not designed to punish one party or the other, it is only designed to allow for the payment of such attorney's fees, within the sound discretion of the district court, in those circumstances where the expenditures become "necessary" for a party because that party has no choice but to incur the expenses in defending against, or pursuing, a complaint for divorce. In such cases a party does not act voluntarily to incur rather large attorney's fees such as those at issue here, but rather because such expenditures are made essential given the circumstances. See *Webster's Third New International Dictionary,* "necessary," 1511 (1986). The remainder of Husband's argument merely points out various cases wherein this Court either did or did not affirm an award of attorney's fees. For more than a decade we have applied this explanation of judicial discretion: "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998). The district court did not abuse its discretion by ordering an award of attorney's fees to Wife.

### CONCLUSION

[¶20] The Decree of Divorce and the order awarding Wife attorney's fees are affirmed.