2008 WY 145

**Margot BELDEN and Fish Creek Design, LLC, Appellants (Plaintiffs),**

v.

**John THORKILDSEN and Stacy Thorkildsen, his wife, Appellees (Defendants).**

No. S–08–0021.

Supreme Court of Wyoming.

Dec. 10, 2008.

Representing Appellants: Richard J. Mulligan, Mulligan Law Office, Jackson, Wyoming; Heather Noble, Jackson, Wyoming. Argument by Ms. Noble.

Representing Appellees: David G. Lewis, Jackson, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] This case comes before us for a second time. Previously, we reversed a judgment in favor of Appellee, John Thorkildsen, because the district court specifically declined to consider parol evidence of an alleged oral agreement regarding repayment of the loan at issue in this case.[1] Following remand, the district court once again entered judgment in favor of Mr. Thorkildsen. The

---

1. *Belden v. Thorkildsen,* 2007 WY 68, 156 P.3d    320 (Wyo.2007).

district court found that Appellants, Margot Belden and Fish Creek Design, LLC, had failed to prove the existence of an oral agreement for repayment of the loan and also found against Ms. Belden on her claim that she was an accommodation party to the promissory note at issue. The district court rejected Appellants' attempt to introduce new evidence at the hearing following remand and entered judgment based upon evidence submitted at the trial held in 2005. Appellants challenge the judgment and the district court's refusal to allow submission of additional evidence. We affirm.

### ISSUES

[¶ 2] Appellants present the following issues, which we rephrase:

1. Did the district court abuse its discretion by denying Appellants' request to present additional evidence at the hearing after remand?

2. Was the district court's finding that Ms. Belden was not an accommodation party clearly erroneous?

3. Was the district court's finding that Appellants failed to establish the existence of an oral agreement that would require Mr. Thorkildsen to reimburse Appellants for amounts they paid on the promissory notes clearly erroneous?

### FACTS

[¶ 3] Ms. Belden and her son, Sean O'Brien, were partners in an interior design firm, Fish Creek Interiors and Gifts. Mr. Thorkildsen was employed by the partnership as an interior designer. In June 2000, Mr. O'Brien and Mr. and Mrs. Thorkildsen entered into an agreement for the sale of Mr. O'Brien's 30% partnership interest to the Thorkildsens. The purchase agreement reads as follows:

It is hereby agreed that John and Stacy Thorkildsen will purchase the 30% ownership of Fish Creek Interiors & Gifts currently owned by Sean O'Brien for $180,000.00, cash. This is due and payable upon completion of the financing provided by Bank of Jackson Hole, but no later than July 1, 2000.

[¶ 4] In order to finance the purchase, a loan was obtained from the Bank of Jackson Hole. The loan was secured by a promissory note from the partnership (Note 1) and personal guarantees from Ms. Belden and Mr. Thorkildsen. Ms. Belden also provided the bank with a security interest in "all property of any kind now or at any time hereafter owned by" Ms. Belden. The promissory note identified Fish Creek Interiors and Gifts as the borrower and was signed by "Margot Belden, Partner" and "John E. Thorkildsen, Partner." Over the course of the next year, the partnership made payments on the note. Neither Mr. Thorkildsen nor Ms. Belden made any payments on the note and Mr. Thorkildsen did not reimburse the partnership for any payments that it had made on the loan. The partnership did not seek any reimbursement from Mr. Thorkildsen for any of the payments it had made. The partnership continued to pay Mr. Thorkildsen his salary and also awarded him a bonus of $10,000.

[¶ 5] Approximately one year later, Ms. Belden and Mr. Thorkildsen, along with two other persons who previously operated another design firm, formed Fish Creek Design, LLC. As part of the process, the LLC took out loans to pay off the outstanding business debts of both pre-existing businesses. On June 7, 2001 the LLC executed a promissory note (Note 2) to obtain a loan and paid off Note 1. The borrower listed on Note 2 was Fish Creek Design, LLC and the note was signed by "Margot Belden, Fin Mngr," "Cheryl Wery, D Mngr," "John Thorkildsen, Ret Mngr," and "Jacqueline Jenkins, Bus Mngr." The four LLC members also guaranteed Note 2 with separate personal guaranty agreements. Pursuant to the terms of the note, the LLC was required to make monthly payments of $3,623.44. All payments that were made on the loan were made by the LLC. Mr. Thorkildsen continued to receive his monthly salary. The LLC did not seek reimbursement from Mr. Thorkildsen for any of the loan payments during this time period. Approximately one year after the LLC was formed and the loan obtained, Mr. Thorkildsen's employment with the LLC was terminated. Thereafter, the LLC continued to

make payments on Note 2, but the business eventually failed and Ms. Belden personally paid the remaining balance.

[¶ 6] Ms. Belden and the LLC initiated litigation against Mr. and Mrs. Thorkildsen in 2004. In their complaint, Appellants sought damages from Mr. Thorkildsen caused by his alleged breach of the LLC's Operating Agreement and also sought reimbursement from Mr. and Mrs. Thorkildsen for all amounts Appellants had paid on Note 2. Appellants asserted that Mr. Thorkildsen had made an oral agreement to reimburse Appellants for all payments they had made on the loan. Ms. Belden also asserted that she had signed the note as an accommodation party for Mr. Thorkildsen and sought reimbursement for the amount she paid on the note to satisfy it after the LLC failed. At the conclusion of the Appellants' case in chief, upon motion of counsel, and without objection from Appellants, the district court dismissed all claims against Mrs. Thorkildsen. At the conclusion of the trial, the district court found in favor of Mr. Thorkildsen on all claims. In rendering its decision, the court specifically stated that it refused to consider parol evidence of the alleged oral agreement of Mr. Thorkildsen regarding repayment of the debt. The court also declined to address Ms. Belden's claim that she was an accommodation party to the notes. Appellants appealed from the judgment but limited their challenge to the district court's determination that Mr. Thorkildsen was not obligated to repay Appellants for payments they had made on Note 2. We reversed the judgment of the district court. In doing so, we determined that the court erred when it failed to consider parol evidence regarding the alleged oral agreement. *Belden v. Thorkildsen,* 2007 WY 68, ¶¶ 14–17, 156 P.3d 320, 324–25 (Wyo.2007).

[¶ 7] The district court scheduled a hearing following remand. Prior to the hearing, Ms. Belden and the LLC indicated their intent to present additional witness testimony at the hearing. The district court denied the request and advised the parties that any judgment rendered would be based on the evidence that had been presented at the original trial. At the hearing, each side presented argument but did not introduce any new evidence. Following the hearing, the parties filed proposed findings of fact and conclusions of law. The court subsequently entered judgment in Mr. Thorkildsen's favor. It determined that no oral contract existed and that Ms. Belden was not an accommodation party to either promissory note.[2] Appellants now appeal the judgment of the district court.

## DISCUSSION

### Rejection of Request to Introduce Additional Evidence

[¶ 8] After remand, Appellants indicated to the trial court that they wished to present additional evidence to support their claim that Ms. Belden had signed the promissory notes as an accommodation party. Specifically, they sought to present the testimony of two witnesses who were employees of the Bank of Jackson Hole at the time Note 1 was executed. On appeal, Appellants contend that the district court erred in refusing to allow the proposed testimony.

[¶ 9] We review the district court's decision regarding the receipt of additional evidence at the hearing after remand for an abuse of discretion. *S–Creek Ranch, Inc. v. Monier & Co.,* 518 P.2d 930, 931 (Wyo.1974). *See also Decker v. State ex rel. Wyo. Med. Comm'n,* 2008 WY 100, ¶¶ 20–22, 191 P.3d 105, 119 (Wyo.2008). In our prior decision in this case, we reversed the original judgment and sentence and remanded the case to the district court "for further proceedings consistent with this opinion." *Belden,* ¶ 21, 156 P.3d at 325. The district court correctly noted that our prior decision only required that the court consider evidence of an oral contract that it had previously admitted, but declined to consider. We did not state or suggest that the court was required to accept additional evidence regarding the accommodation issue.

[¶ 10] The issue presented is similar to one that we recently resolved in *Decker,*

---

2. The district court made this finding regarding both promissory notes even though Appellants were, according to their complaint, seeking only reimbursement for amounts paid on Note 2.

¶¶ 20–22, 191 P.3d at 119 (*Decker II* ). In Mr. Decker's first appeal, we determined that the Medical Commission failed to make findings of fact that adequately explained its denial of worker's compensation benefits. *Decker v. State ex rel. Wyo. Med. Comm'n,* 2005 WY 160, ¶ 36, 124 P.3d 686, 697 (Wyo. 2005) (*Decker I* ). We remanded the case "for supplemental findings of fact or other proceedings consistent with this opinion." *Id.,* ¶ 42, 124 P.3d at 699. On remand, the Medical Commission made additional findings of fact and entered an order denying benefits. *Decker II,* ¶ 2, 191 P.3d at 108. On appeal from that order, Mr. Decker contended that he should have been allowed to present additional evidence to support his claim. *Id.,* ¶ 20, 191 P.3d at 119. We held that "our mandate did not require the case be reopened to allow additional evidence. It only required the Medical Commission enter a new order more thoroughly explaining the reason for its denial of benefits based on the evidence adduced at the hearing so we could rationally review its decision." *Id.,* ¶ 21, 191 P.3d at 119. We found that the Medical Commission's order complied with that mandate and that Mr. Decker was not owed "a second bite at the apple." *Id.,* ¶ 22, 191 P.3d at 119.

[¶ 11] Appellants are in the same position as Mr. Decker. They had the opportunity to present witnesses, including the testimony of the bank personnel at issue here, during the trial in 2005. For reasons not evident in the record, they chose not to present the testimony in that proceeding. The district court complied with our mandate and we find no abuse of discretion in the district court's decision to refuse admission of additional evidence at the hearing after remand.

**Accommodation Party**

[¶ 12] Ms. Belden contends that she is an accommodation party, and is entitled to recover the amount that she paid on Note 2. An accommodation party is "[a] person who, without recompense or other benefit, *signs a negotiable instrument* for the purpose of being a surety for another party (called the *accommodated party* ) to the instrument." *Black's Law Dictionary* 17 (8th ed. 1999)

(first emphasis added). Accommodation of negotiable instruments in Wyoming is governed by Wyo. Stat. Ann. § 34.1–3–419 (LexisNexis 2007), which provides in pertinent part:

(a) If an instrument is issued for value given for the benefit of a *party to the instrument* ("accommodated party") and another *party to the instrument* ("accommodation party") *signs the instrument* for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is *signed by the accommodation party* "for accommodation."

. . .

(e) An accommodation party who pays the instrument is entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party. An accommodated party who pays the instrument has no right of recourse against, and is not entitled to contribution from, an accommodation party.

(Emphasis added.)

[¶ 13] As we have mentioned previously, there are two notes at issue. The maker of the first note was the partnership. Ms. Belden signed Note 1 as "Margot Belden, Partner." Mr. Thorkildsen signed the note as "John E. Thorkildsen, Partner." The evidence is undisputed that Ms. Belden made no payments on Note 1. The maker of Note 2 was the LLC. The evidence is undisputed that the partnership was not a party to Note 2. Ms. Belden signed Note 2 as "Margot Belden, Fin Mngr." Mr. Thorkildsen signed Note 2 as "John Thorkildsen, Ret Mngr." Neither Ms. Belden nor Mr. Thorkildsen signed Note 2 in their individual capacity. Ms. Belden contends that she was an accommodation party to both notes and that the district court erred in finding otherwise.

[¶ 14] Whether a person is an accommodation party to a negotiable instrument is a question of fact. *See Narans v. Paulsen,* 803 P.2d 358, 360–62 (Wyo.1990); Wyo. Stat. Ann. § 34.1–3–419 cmt. 3. We review the district court's findings of fact for

clear error. *Baker v. Speaks,* 2008 WY 20, ¶ 9, 177 P.3d 803, 806 (Wyo.2008).

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Piroschak v. Whelan,* 2005 WY 26, ¶ 7, 106 P.3d 887, 890 (Wyo.2005) (quoting *Harber v. Jensen,* 2004 WY 104, ¶ 7, 97 P.3d 57, 60 (Wyo.2004)).

[¶ 15] In rejecting Ms. Belden's accommodation claim,[3] the district court stated:

> 4. The Court finds that there is no evidence within or without the promissory note to establish the plaintiff as an accommodation maker on the LLC note to the Bank of Jackson Hole. The evidence shows that the plaintiff was the instigator for the formation of the new design company. The company needed more money to pay the lease payments, and employees. The members of the LLC brought in various of their assets: her lease and location, customers, design projects in progress or planning, expertise, and so forth, along with their various, substantial, and additional business debt. She and one of the members ... purchased a nursery across the street, in order to expand their design capabilities. Plaintiff, more than any of the others, stood to benefit by the new company, with her expectation of stability and increased profits. All the evidence outside the note points to the benefits and value flowing to plaintiff from the success of this venture at the time it was funded.

> 5. The plaintiff has failed to sustain her burden of proof by credible, substantial evidence that she signed either of the two notes in question as an accommodation maker.

[¶ 16] Ms. Belden relies heavily upon *Narans v. Paulsen* to support her challenge to the district court's finding that she was a direct beneficiary of the loan proceeds and, therefore, not an accommodation party. 803 P.2d 358 (Wyo.1990). In *Narans,* we addressed the question of whether Dr. Paulsen was an accommodation party. *Id.* at 359. At issue in *Narans,* was whether Dr. Paulsen had benefited directly from the loan. We set forth the following framework for determining whether a party to a promissory note is an accommodation party:

> A party claiming accommodation maker status has the burden of proof on the point. That a party signs as a co-maker does not establish that he is not an accommodation maker. A party cannot be an accommodation maker with respect to his own debt.... Whether one is an accommodation maker is a question of the intentions of the party claiming that status, the party alleged to be the accommodated party, and the party holding the note when the alleged accommodation maker signed the note. If the accommodation maker status is not readily apparent from the face of the note itself, parol evidence is admissible to establish the intentions of those concerned. A party who does not directly

---

**3.** Although Ms. Belden devotes considerable time in her brief discussing Note 1, there is no evidence in the record that she made any payments on that note. Ms. Belden appears to discuss Note 1 because she contends that she signed Note 1 as an accommodation party and characterizes Note 2 as a renewal of Note 1.

> The term "renewal," as applied to a note, means the reestablishment of the particular contract for another period of time. A renewal, as distinguished from a mere extension, is usually evidenced by a new note or other instrument. A note is "renewed" when a new note evidencing the same obligation is executed and delivered by the maker to the holder of the old note. Renewal does not entail a surrender of the outstanding note. A note is a renewal of an earlier note only if they involve the same obligation.

10 C.J.S. *Bills and Notes* § 142 (Supp. 2008) (footnotes and paragraph break omitted). Ms. Belden makes no argument and cites no authority to support her characterization of Note 2 as a renewal note.

benefit from the note is likely to be held to be an accommodation maker. . . .

No one of the above factors conclusively establishes the maker's status. Generally speaking, the courts have applied a two-stage analysis with these factors in mind. In the first stage, the court simply examines the note or renewals in question for evidence of any expression of limitation of liability accompanying the maker's signature. If no such expression is evident, as there was not on either the original note or any of the renewals in this case, the fact finder moves to the second stage and considers parol evidence as previously described.

*Id.* at 361 (citations omitted). Applying this analysis, we affirmed the district court's conclusion that Dr. Paulsen was an accommodation party and held that the district court's finding that Dr. Paulsen had not benefited directly from the loan was not clearly erroneous. *Id.* at 361–62. Here, Appellants contend that the district court's finding that Ms. Belden benefited from the promissory note was clearly erroneous. We need not address that finding, however. Implicit in the first step of our *Narans* analysis is the proposition that the person claiming to be an accommodation party is a party to the instrument. In this case, the instrument clearly shows that Ms. Belden was not a party to Note 2.

[¶ 17] In *Narans*, it was undisputed that Dr. Paulsen was a party to the note. He and several other partners had signed a promissory note in the name of the partnership, Energy Inn Partnership. *Id.* This note was renewed several times, including once after Dr. Paulsen had effectively left the partnership. *Id.* at 360. On that occasion, despite having left the partnership, Dr. Paulsen signed the renewal note as a partner of Energy Inn Partnership and as an individual. *Id.* After the partnership defaulted, Dr. Paulsen paid off the note. *Id.* He subsequently claimed accommodation party status and pursued a cause of action against the remaining partners. *Id.*

[¶ 18] In upholding the district court's decision that Dr. Paulsen was an accommodation party, we found it significant that "Dr. Paulsen's signature reappear[ed] on the last renewal . . . not once but twice. Although he signed as a partner, he also signed as an individual." *Id.* at 362. We determined that the district court's conclusion that Dr. Paulsen was an accommodation party was "adequately supported by record evidence and not contrary to the great weight of the evidence." *Id.*

[¶ 19] In the current case, however, Ms. Belden is not a party to Note 2. Wyo. Stat. Ann. § 34.1–3–419 plainly requires that the accommodated and the accommodating parties be parties to the notes. Note 2 quite clearly had only one maker, the LLC. Although the signatures of all four members appear, they signed only in their capacities as officers of the LLC. The LLC's name precedes all four signatures, and each member's title is shown next to the printed name. Unlike the circumstances of *Narans*, where Dr. Paulsen's signature on the final renewal appeared twice—as a partner and as an individual—both Ms. Belden's and Mr. Thorkildsen's signatures appear only as officers of the LLC. Ms. Belden cannot be an accommodation party and Mr. Thorkildsen cannot be an accommodated party.

[¶ 20] Ms. Belden's uncontradicted testimony that all four members signed separate guaranty agreements does not alter our analysis. The guaranty agreements do not make the shareholders parties to the promissory notes. *See Transamerica v. Naef*, 842 P.2d 539, 543 (Wyo.1992). "A guaranty creates nothing more than a contract to pay the debt of another," and is "secondary" to the instrument it guarantees. *Lee v. LPP Mortg. Ltd.*, 2003 WY 92, ¶ 27, 74 P.3d 152, 162 (Wyo.2003). *Accord, e.g., Builders Supply Co. v. Czerwinski*, 275 Neb. 622, 748 N.W.2d 645, 654 (2008); *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 434 (Mo.2003); *McDonald v. Nat'l Enters., Inc.*, 262 Va. 184, 547 S.E.2d 204, 207 (2001). Because the only maker of Note 2 was the LLC, neither it nor Ms. Belden may recover from Mr. Thorkildsen pursuant to Wyo. Stat. Ann. § 34.1–3–419(e).

[¶ 21] To summarize, neither Ms. Belden nor Mr. Thorkildsen signed Note 2 in their individual capacities and were not "parties" to the note. Accordingly, Ms. Belden cannot

be an accommodation party. In light of this determination, it is not necessary for us to determine whether the district court's factual finding that Ms. Belden directly benefited from the loan was clearly erroneous.

### Separate Oral Contract

[¶ 22] Ms. Belden contends that the district court erred when it concluded that no independent oral contract between her and Mr. Thorkildsen existed. The party seeking to establish the existence of the oral contract bears the burden of proof. *In re Estate of Bell*, 726 P.2d 71, 75 (Wyo.1986). " 'Whether an oral contract exists is a question of fact to be determined by the trier of fact.' " *Meima v. Broemmel*, 2005 WY 87, ¶ 58, 117 P.3d 429, 448 (Wyo.2005) (quoting *Fowler v. Fowler*, 933 P.2d 502, 504 (Wyo. 1997)). We review findings of fact using a clearly erroneous standard.[4] *Belden*, ¶ 11, 156 P.3d at 323. This Court does not reweigh evidence.

We sustain a trial court's findings and judgment on questions of fact unless they are clearly erroneous or contrary to the great weight of the evidence. In making such a determination, we examine the evidence in a light most favorable to the prevailing party, without considering evidence of the other party which conflicts.

*71 Const. v. Wesco Elec., Inc.*, 924 P.2d 991, 993 (Wyo.1996).

[¶ 23] The district court found as follows:

1. The Plaintiff Margot Belden contends that beyond the Promissory Note signed by Belden and Thorkildsen as partners of [Fish Creek Interiors and Gifts], she and John Thorkildsen also entered into an oral agreement. According to Belden, the oral agreement provided that [the partnership] would make the payments and John would repay that debt or those payments with both bonuses and commissions from his earnings at [the partnership]. Thorkildsen, on the other hand, testified that he and Belden orally agreed that [the partnership] would make the monthly payments for partnership debt on [Note 1] to the Bank of Jackson Hole; and, if Thorkildsen were to receive bonuses or commissions, he had the option to pay those commissions and bonuses to the Bank of Jackson Hole toward the payment of [Note 1].

. . .

2. The Court finds no credible evidence to support the fact that John Thorkildsen was to be liable for [Note 2] on account of the oral agreement described above. This finding is based upon the following evidence and inferences:

a. There is nothing in the LLC loan documentation or other accompanying writings referencing, indicating, or even suggesting that the $151,781 partnership loan paid by the LLC was to be repaid to the LLC by John Thorkildsen. The oral agreement pertained to the payment of [Note 1]. There is no evidence of a new oral or written agreement that the debt would be paid by John Thorkildsen to the LLC. That debt was paid by the LLC according to the new note. The face of [Note 2] recites "Borrowers agree that principal will be reduced to a minimum of $70,000 by October 27, 2001 plus accrued interest; remaining balance will then be reamortized for monthly payments using the original maturity date." The whole structure of the repayment of [Note 2] was different from that under [Note 1], and the testimony regarding the oral agreement between plaintiff and defendant.

b. The LLC paid all of the payments for the debt. . . . The parties pooled their

---

4. Ms. Belden contends that we should employ a less deferential standard of review because the initial trial occurred approximately two years prior to the district court's resolution of the issues now before us. She asserts that at the time of its decision, the district court was in the same position as this Court, *i.e.*, viewing transcripts rather than live testimony. Ms. Belden presents no authority from this or any jurisdiction that suggests an appellate court's standard of review should vary depending on the time that has elapsed in the district court between admission of evidence and issuance of a final judgment. Moreover, there is no indication that the district court was hampered in its ability to evaluate the credibility of witness testimony or other evidence. We decline Ms. Belden's invitation to alter our standard of review.

assets and liabilities into a new company. No mention is made that [any] of them, including John Thorkildsen, would shoulder responsibility for particular debts; or, that [any] of them would retain the ownership to certain assets that had been transferred to the LLC.

c. The plaintiff altered the original [Note 2], by handwriting on it that it is the "John Thorkildsen Note," when such a notation was absent from the original note in the bank's file. She also attached the altered note to her complaint herein, in order to lend credence to her argument that it was the same debt as the partnership note which had been paid. The Court looks on such actions as disfavoring the credibility of Ms. Belden's uncorroborated testimony herein.

(Footnotes omitted.)

[¶ 24] The district court's findings are amply supported by the record. The only testimony supporting Appellants' version of the agreement is Ms. Belden's, as follows:

Q. [by Plaintiffs' counsel] Was there any understanding as to whether or not Mr. Thorkildsen would be personally responsible for repayment of [Note 1]?

A. Yes. We had an agreement that Fish Creek Interiors and Gifts would make the payments and John would repay that debt or those payments with both bonuses and commissions from his earnings from the business.

Q. Okay.

A. Over and above his salary. . . .

Initially, we note we will not interfere with the district court's credibility determinations. The court specifically found Ms. Belden's credibility to be questionable. In addition, our review of the record leads us to conclude that the district court correctly stated that there is no evidence that Mr. Thorkildsen agreed to reimburse the LLC or Ms. Belden for amounts they paid toward Note 2. The only promise Mr. Thorkildsen made, according to Ms. Belden, was that he would repay the partnership for amounts it paid on Note

1. Appellants do not contend that the partnership should be reimbursed. They contend only that Ms. Belden and the LLC should be reimbursed. We find no clear error in the district court's conclusion that Appellants failed to prove the existence of the oral contract.

[¶ 25] Affirmed.