2010 WY 17

**John THORKILDSEN, Appellant
(Defendant),**

v.

**Margot BELDEN, and Fish Creek
Design, LLC, Appellees
(Plaintiffs).**

**No. S–09–0154.**

Supreme Court of Wyoming.

Feb. 19, 2010.

Representing Appellant: David G. Lewis of Jackson, Wyoming.

Representing Appellees: Richard J. Mulligan of Mulligan Law Office; Heather Noble of Jackson, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] John Thorkildsen (Thorkildsen) appeals from the district court's Order Granting Defendants' Motion for Costs, arguing that the district court erred in not including an award for attorney's fees. Finding no contested issue on appeal in regard to costs, and being unable to determine the district court's resolution of the issue of attorney's fees, we will remand with instructions for the district court to make findings of facts and conclusions of law relating to an award or denial of attorney's fees.

## ISSUE

[¶ 2] Whether the district court's failure to address attorney's fees in its Order Granting Defendants' Motion for Costs presents this Court with a contested issue for review?

1. In an attempt to simplify the factual history of this case we have left out several facts. However, none of the factual omissions are material to the outcome of this case.

2. We note that in his affidavit filed concurrently with his motion, Thorkildsen lists numerous items and their corresponding costs for which he

## FACTS

[¶ 3] The facts and procedural history of this case are more complex than the resolution of the single issue presented on appeal.[1] This case has been before this Court on two prior occasions. *See Belden v. Thorkildsen*, 2007 WY 68, 156 P.3d 320 (Wyo.2007) (*Belden I*); *Belden v. Thorkildsen*, 2008 WY 145, 197 P.3d 148 (Wyo.2008) (*Belden II*). Following *Belden II*, Thorkildsen filed a Motion of Defendants for Award of Attorney Fees and Costs, seeking an award of attorney's fees in the amount of $77,475 and costs in the amount of $2,070.09.[2] Thorkildsen's request was pursuant to a provision in an LLC Operating Agreement (Agreement), which was the focus of the litigation in *Belden I* and *Belden II*. The Agreement allowed for the recovery of attorney's fees and costs by a prevailing party forced to defend a suit alleging breach of the Agreement. The appellees opposed the request arguing that "the fees sought were not limited to those incurred litigating damage claims under the LLC's Operating Agreement" and that Thorkildsen failed to segregate the "fees incurred litigating issues encompassed by the contractual attorney's fees provision from fees incurred litigating other issues." In response to Thorkildsen's motion, the district court entered an Order Granting Defendants' Motion for Costs. As the title of the district court's order implies, the order only awarded costs in the amount of $2,070.90, and wholly failed to address the attorney's fees issue. Thorkildsen now appeals from that order.

## DISCUSSION

 [¶ 4] Thorkildsen argues that the district court's order awarding costs but failing to address or award attorney's fees amounted to an implicit denial of an award of attorney's fees and such action was error.

sought reimbursement and determined the total cost of these items to be $2,070.90; however, we calculated that total to be $2,020.09. This mathematical anomaly is inconsequential to our decision as the parties do not contest the district court's award of costs.

Thorkildsen fails to cite any case law to support his argument that the district court's failure to address attorney's fees amounts to an "implicit denial." Thorkildsen's argument appears to be one founded in W.R.C.P. 6(c)(2), which rule dictates that certain motions "be deemed denied" if not acted on by the district court within 90 days of being filed. However, W.R.C.P. 6(c)(2) provides only that motions filed pursuant to "Rules 50(b) and (c)(2), 52(b), 59 and 60(b), not determined within 90 days after filing shall be deemed denied...." A motion for costs and attorney's fees does not fall within any of the rules which are subject to the "deemed denied" provision in W.R.C.P. 6(c)(2). Consequently, we find unpersuasive Thorkildsen's argument that the portion of his motion pertaining to attorney's fees was "implicitly denied" or "deemed denied" by the district court's failure to address attorney's fees in its order awarding costs.

 [¶ 5] Because the district court's Order Granting Defendants' Motion for Costs only addresses costs, the district court made no findings of facts and reached no conclusions of law with respect to attorney's fees. Thus, Thorkildsen has been left to appeal only from an award of costs that he does not challenge. We find the appropriate remedy is to remand this case to the district court with instructions to make appropriate findings of facts and conclusions of law relating to the issue of attorney's fees.[3]

---

3. We take this opportunity to note one particular issue that the district court must resolve with respect to an award of attorney's fees. If in fact the appellant is entitled to attorney's fees under the Agreement, a determination must be made as to which fees were attributable to actions or claims relating to the Agreement between the parties and which, if any fees, were related to other legal services, as segregation of fees is required when possible. *See Jensen v. Fremont Motors Cody, Inc.,* 2002 WY 173, ¶ 33, 58 P.3d 322, 330 (Wyo.2002).