2011 WY 26

**John THORKILDSEN, Appellant (Defendant),**

v.

**Margot BELDEN, and Fish Creek Design, LLC, Appellees (Plaintiffs).**

No. S–10–0154.

Supreme Court of Wyoming.

Feb. 17, 2011.

Representing Appellant: David G. Lewis, Jackson, Wyoming.

Representing Appellees: Richard J. Mulligan of Mulligan Law Office, Jackson, Wyoming; Heather Noble, Jackson, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]   After this Court affirmed judgment in his favor in an action filed against him for payment on a loan, *Belden v. Thorkildsen,* 2008 WY 145, 197 P.3d 148 (Wyo.2008) (*Belden II* ), John Thorkildsen filed a motion for attorney fees.  The district court ultimately denied the motion and Mr. Thorkildsen appealed.  We reverse.

### ISSUE

[¶ 2]   The issue for this Court's determination is whether the district court erred when it denied Mr. Thorkildsen's motion for attorney fees.

### FACTS

[¶ 3]   This case is before us for the fourth time.  Margot Belden and her son were part-

ners in a business, Fish Creek Interiors & Gifts, in Teton County, Wyoming. Mr. Thorkildsen worked for the business. In 2000, Ms. Belden approached Mr. Thorkildsen about whether he would be interested in purchasing her son's 30% interest in the business. To accomplish that result, the business borrowed money from the Bank of Jackson Hole. Ms. Belden and Mr. Thorkildsen signed the note.

[¶ 4] In 2001, Mr. Thorkildsen, Ms. Belden and others formed Fish Creek Designs, LLC. In the process, the LLC obtained a loan which was used to pay off the earlier partnership loan. The LLC ultimately fired Mr. Thorkildsen and went out of business. Ms. Belden paid the balance left on the LLC's loan. She and the LLC filed an action against Mr. Thorkildsen claiming he was obligated to repay the amounts they had paid on the loan.[1]

[¶ 5] The matter went to trial, and the district court entered judgment for Mr. Thorkildsen. Ms. Belden and the LLC appealed, and this Court reversed the judgment and remanded the case to the district court. *Belden v. Thorkildsen,* 2007 WY 68, 156 P.3d 320 (Wyo.2007) (*Belden I*). After further proceedings, the district court again entered judgment for Mr. Thorkildsen. Ms. Belden and the LLC again appealed and we affirmed the judgment. *Belden II,* ¶ 25, 197 P.3d at 156. Mr. Thorkildsen then filed a motion for costs and attorney fees in district court.

[¶ 6] After a hearing, the district court entered an order granting the motion for costs and awarding Mr. Thorkildsen $2,070.90. The order was silent as to attorney fees. Mr. Thorkildsen appealed to this Court and, in *Thorkildsen v. Belden,* 2010 WY 17, 223 P.3d 1291 (Wyo.2010) (*Thorkildsen I*), we remanded the case to the district court with instructions to make findings of fact and conclusions of law on the attorney fees motion.

[¶ 7] Back in district court, Ms. Belden and the LLC submitted proposed findings of fact and conclusions of law. Mr. Thorkildsen did not submit proposed findings and conclusions. Neither party requested a hearing. The district court entered an order denying attorney fees, concluding that the dispute involved events and agreements predating the LLC operating agreement and Mr. Thorkildsen did not segregate or identify the attorney fees incurred on the claim for breach of the LLC operating agreement. Mr. Thorkildsen again appealed to this Court from the district court's order.

## STANDARD OF REVIEW

[¶ 8] Ordinarily, we review a district court's denial of an attorney fee award for abuse of discretion. *Stafford v. JHL, Inc.,* 2008 WY 128, ¶ 14, 194 P.3d 315, 318 (Wyo.2008). However, when the determination of whether a party is entitled to attorney fees is based upon a contract providing for such fees, our usual rules of contract interpretation apply. When contractual language is clear and unambiguous, the interpretation and construction of contracts is a matter of law for the courts. *Cheek v. Jackson Wax Museum, Inc.,* 2009 WY 151, ¶ 12, 220 P.3d 1288, 1290 (Wyo.2009). We review questions of law *de novo* without giving any deference to the district court's determinations. *Id.*

## DISCUSSION

[¶ 9] Mr. Thorkildsen contends he was the prevailing party in this action and is entitled to attorney fees under the terms of the operating agreement, which contained the following provision:

13.12 *Attorneys' Fees.* Should the Company or any party to this Agreement reasonably retain counsel for the purpose of enforcing or preventing breach of any provision of this Agreement, including instituting any action or proceeding to enforce any provision of this Agreement, for dam-

---

1. The complaint also named Mr. Thorkildsen's wife as a defendant. She filed a motion for summary judgment, asserting she had no involvement in the business transactions of her husband and Ms. Belden or the LLC. The district court did not rule on the motion. However, in its final judgment, the district court concluded that Ms. Thorkildsen's only involvement was her agreement with her husband to purchase an interest in Ms. Belden's business. Thereafter, she had no involvement in the business or the LLC. The district court entered judgment as a matter of law for Ms. Thorkildsen pursuant to W.R.C.P. 50. No appeal was taken from that ruling.

ages by reason of any alleged breach of any provision of this Agreement, . . . for a declaration of such party's rights or obligations under this Agreement, or for any judicial remedy, then, if the matter is settled by judicial determination or arbitration, the prevailing party (whether at trial, on appeal, or arbitration) shall be entitled, in addition to such other relief as may be granted, to be reimbursed by the losing party for all costs and expenses incurred, including reasonable attorneys' fees and costs for services rendered to the prevailing party or parties.

Mr. Thorkildsen asserts the district court misinterpreted this provision when it concluded recovery was limited to fees incurred directly in defending the breach of contract claim and not the other claims. He contends the attorney fee provision is broader, and entitles him to recover his fees because he, a party to the operating agreement, reasonably retained counsel for the purpose of enforcing his right not to be held liable for payment of an LLC debt and to prevent the LLC from wrongfully using the operating agreement to hold him liable.

[¶ 10] Ms. Belden and the LLC assert the attorney fee provision in the LLC operating agreement does not apply because most of the issues in this case had nothing to do with the operating agreement. They contend Mr. Thorkildsen's claim that he was upholding his rights under the operating agreement or preventing them from violating the agreement is without merit. They assert the district court properly denied attorney fees.

[¶ 11] Generally, Wyoming subscribes to the American rule regarding recovery of attorney fees, making each party responsible for its own attorney fees, unless an award of fees is permitted by contract or statute. *Garwood v. Garwood*, 2010 WY 91, ¶ 32, 233 P.3d 977, 984 (Wyo.2010). In the present case, there is a contract permitting the award of attorney fees. The question is whether that provision applies in the context of the district court's judgment. To answer that question we look first to the language of the attorney fee provision. An LLC operating agreement is a contract, which we interpret according to well-established standards of review.

> The primary purpose in interpreting or construing a contract is to determine the intent and understanding of the parties, and our initial inquiry centers on whether the language of the contract is clear and unambiguous. The interpretation and construction of a contract are done by the court as a matter of law. Where an agreement is in writing and the language is clear and unambiguous, the parties' intent is to be secured from the four corners of the contract.

*Lieberman v. Wyoming.com LLC*, 2004 WY 1, ¶ 14, 82 P.3d 274, 281 (Wyo.2004) (citations omitted).

[¶ 12] As reflected in paragraph 9 above, the attorney fee provision states in relevant part that when the LLC or any party to the operating agreement "reasonably retain[s] counsel for the purpose of enforcing or preventing breach of any provision of this agreement . . . then, if the matter is settled by judicial determination . . . , the prevailing party . . . shall be entitled . . . to be reimbursed by the losing party for all costs and expenses incurred, including reasonable attorneys' fees . . . ." Ms. Belden and the LLC retained counsel to enforce or prevent breach of the operating agreement. Specifically, they filed a complaint against Mr. Thorkildsen alleging that he breached the non-competition provision of the agreement by involving himself with a competitive business, interfered with the LLC's business expectancies, breached the fiduciary duty he owed to the LLC as a managing member and failed to pay money he owed to Ms. Belden and the LLC. They also alleged in their complaint that they were entitled to attorney fees and costs under paragraph 13.12 of the operating agreement.

[¶ 13] Mr. Thorkildsen answered and filed a counterclaim against Ms. Belden and the LLC alleging that their attempt to collect the alleged indebtedness was a breach of the operating agreement provisions defining the rights and obligations of the members and managers. He also alleged that he was entitled to costs and attorney fees for having to

enforce and prevent breach of the operating agreement.

[¶ 14]   After a trial, the district court entered a judgment finding there was little or no evidence that Mr. Thorkildsen breached the non-competition provision, intentionally interfered with the LLC's business expectancies or breached his fiduciary duties. The district court further found there was no evidence presented that Mr. Thorkildsen personally undertook to pay either the first or second note. The district court concluded Mr. Thorkildsen was discharged from any obligation on the first note when the LLC paid the balance due in full. The district court concluded Mr. Thorkildsen was not personally liable on the second note because he, like the others, signed it in his capacity as an LLC representative. The district court entered judgment in Mr. Thorkildsen's favor. After Ms. Belden and the LLC appealed the judgment and this Court reversed and remanded the matter, the district court held a hearing and entered a second judgment in Mr. Thorkildsen's favor.

[¶ 15]   As the foregoing discussion reflects, Ms. Belden and the LLC as parties to the operating agreement "reasonably retain[ed] counsel for the purpose of enforcing or preventing breach of … [the] agreement …, the matter [was] settled by judicial determination …, [and Mr. Thorkildsen, as] the prevailing party … [is] entitled … to be reimbursed by [Ms. Belden and the LLC] for all costs and expenses incurred, including reasonable attorneys' fees.…" The language is clear and unambiguous. As a matter of law, Mr. Thorkildsen was entitled to an attorney fee award.

[¶ 16]   Despite the clear language of the operating agreement authorizing reimbursement to the prevailing party in an action to enforce or prevent breach of the agreement, Ms. Belden and the LLC argued, and the district court ultimately concluded, that Mr. Thorkildsen was not entitled to such reimbursement. Specifically, Ms. Belden and the LLC argued that Mr. Thorkildsen was not entitled to recover attorney fees incurred in defending any claim other than their claim for breach of the operating agreement. They asserted their breach of contract claim

was only one of several claims alleged, much of this case concerned events predating the LLC's existence, and many of the claims did not arise out of or involve the operating agreement but turned on side agreements or other legal theories independent of the operating agreement.

[¶ 17]   In considering these assertions, presented for the first time after two trials and four appeals, it is of some interest that in their complaint Ms. Belden and the LLC asked for an award of attorney fees and cited the operating agreement as support for that request. It is also of interest that their attorney filed an affidavit for legal fees in which he sought over $25,000 in fees for all of the work done up to that point before trial without segregating his fees by claim, date, party or legal theory. It also is of interest that in two judgments after a trial, an appeal and a hearing, the district court concluded:

> As a party to the Operating Agreement, and as the prevailing party to this litigation, [Mr.] Thorkildsen is entitled to reimbursement for costs and expenses incurred as a result of defending against [the] Complaint.

Consistent with this conclusion, the district court twice ordered Mr. Thorkildsen to submit an affidavit of counsel setting forth the fees, costs and expenses incurred.

[¶ 18]   The rule in Wyoming is that segregation of fees between multiple clients and/or multiple claims is required when it is possible. *Cline v. Rocky Mountain, Inc.*, 998 P.2d 946, 952 (Wyo.2000). To avoid application of this rule, the party seeking a fee award must clearly establish that the claims arose out of the same transaction or were so interrelated that segregation of the resulting attorney fees is not possible. *Id.* In *State Surety Co. v. Lamb Constr. Co.*, 625 P.2d 184 (Wyo.1981) we addressed the issue of segregation of attorney fees where there were two suits, one between a subcontractor and an owner and another between a general contractor and the owner. We concluded segregation was necessary because counsel for the owner was involved in distinct activities in each suit. In *Forshee v. Delaney*, 2005 WY 103, ¶ 16, 118 P.3d 445, 450 (Wyo.2005), we found the activities of counsel

were not so distinct that counsel for Delaney could divide his activities. We concluded instead that the defense of Forshee's counterclaim was inextricable from pursuing Delaney's claim for breach of contract and payment of the invoices related to that contract.

[¶ 19] In *City of Gillette v. Hladky Constr., Inc.*, 2008 WY 134, 196 P.3d 184 (Wyo.2008), we concluded a contractor was not required to segregate time spent pursuing its unsuccessful breach of contract claim from time spent on its successful breach of the implied covenant claim. We said:

> [Contractor]'s breach of the implied covenant claim was inextricably intertwined with its breach of contract claim. We cannot say, and neither could the district court, that counsel was engaged in distinct activities when pursuing one claim or the other. The issue was whether there was a breach-of contract or the implied covenant-and, if so, how much HCI was damaged.

*Id.*, ¶ 110, 196 P.3d at 212–13. Finally, in *Ultra Resources, Inc. v. Hartman*, 2010 WY 36, 226 P.3d 889 (Wyo.2010), we concluded segregation of fees was not required for claims brought under the Wyoming Royalty Payment Act (WRPA) and other common law claims. We said:

> [T]he attorney fees provision of the WRPA is broad and allows for fees to the party who improves his position as a result of the litigation in any proceedings under the act. To the extent that the operator defendants claim that the plaintiffs were only entitled to fees for the discrete WRPA claims, we reject that argument. Many of the claims that the defendants argue should have been segregated were intertwined with the WRPA claims and the breach of contract claim that had to be litigated in order to recover under the WRPA. For example, the plaintiffs' conversion, rescission, slander of title, etc., causes of action were all based upon the underlying issue of whether the NPI continued to burden the leases. Similarly, the breach of the covenant of good faith and fair dealing claim was "inextricably intertwined" with the breach of contract claim, which was the primary claim upon which the entire litigation was based.

*Id.*, ¶ 157, 226 P.3d at 937

[¶ 20] In the present case, after twice ruling that Mr. Thorkildsen was entitled to fees, the district court ultimately concluded that the claim for breach of the operating agreement was resolved when Ms. Belden and the LLC did not appeal its ruling on that issue after trial in 2006. The district court further concluded that much of the case concerned events predating the LLC, many of the claims did not involve the operating agreement and the attorney fee provision did not apply. Because Mr. Thorkildsen did not segregate the fees incurred in defending the breach of contract claim from those incurred defending against the other claims, the district court concluded he was entitled to no fees.

[¶ 21] We disagree. Despite the last minute efforts by Ms. Belden and the LLC to broaden the scope of their claims in order to take them outside the parameters of the operating agreement, it is clear that the LLC operating agreement was the basis of this case from the beginning. Four of the five claims alleged in the complaint arose directly out of the LLC operating agreement. The breach of contract claim was based upon the non-compete clause of the operating agreement; the intentional interference claim was likewise based upon Mr. Thorkildsen's duty as a manager of the LLC not to interfere with the LLC's economic relationship with its clients; the breach of fiduciary duty claim was based upon Mr. Thorkildsen's alleged breach of the non-compete clause of the operating agreement while he was still a member of the LLC; the claim for attorney fees and costs was based upon paragraph 13.12 of the operating agreement.

[¶ 22] The only claim arguably not based upon the operating agreement was the claim for money owed to the LLC and Ms. Belden on the note the LLC assumed at the time the company was formed. Once Mr. Thorkildsen filed his answer, alleging that he had no personal liability for the debt, and his counterclaim, alleging the efforts to collect the debt from him breached the operating agreement, the claim for money owed became

inextricably intertwined with the operating agreement. Mr. Thorkildsen's liability for the debt could not be determined without reference to the operating agreement provisions precluding the imposition of personal liability on members or managers for LLC debts. Segregation of his counsel's fees for time spent defending against the claims brought by Ms. Belden and the LLC was not required.

[¶ 23] Ordinarily, a determination by this Court that a party is entitled to attorney fees in accordance with the terms of a written agreement would require remand to the district court for determination of the fee amount. This, however, is not an ordinary case. What began in 2004 with the filing of Ms. Belden's and the LLC's complaint evolved into an unnecessarily complicated and protracted legal battle. We are disinclined to send this back yet again for the district court to resolve. Compare *Lieberman v. Mossbrook*, ¶ 48, 208 P.3d 1296, 1310 (Wyo.2009), in which this Court declined to remand for determination of damages after reversing the district court's judgment on liability.

[¶ 24] The factors to be considered in awarding fees are set forth in Wyo. Stat. Ann. § 1–14–126(b) (LexisNexis 2009):

(b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:

(i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

(iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;

(v) The time limitations imposed by the client or by the circumstances;

(vi) The nature and length of the professional relationship with the client;

(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) Whether the fee is fixed or contingent.

[¶ 25] Mr. Thorkildsen's attorney fee request included the affidavit of counsel, which contained six pages itemizing the time he spent in representing his client between May of 2002, when the dispute arose, and June of 2008, when he appeared before this Court. It does not include the time spent preparing for and appearing at the two subsequent district court hearings, one in which the court awarded costs and no fees, and a second in which the district court denied the motion for fees. It also does not include the time counsel spent preparing and appearing for argument in this Court in two subsequent appeals. Although Ms. Belden and the LLC complain the fee is unreasonable because it includes travel time charged at counsel's usual hourly rate for the first two appeals and more time for research and brief writing than their counsel spent on those activities, we conclude any excess is more than balanced out by the time spent on later proceedings that is not included in Mr. Thorkildsen's counsel's billing statement. We also note that Ms. Belden and the LLC supported their claim that the fees were unreasonable not with the affidavit of an uninvolved third party but only with their own attorney's self-serving affidavit. Finally, it is worth repeating that Ms. Belden's and the LLC's attorney sought fees in the amount of $25,000 even before this matter went to trial or was appealed. By comparison, Mr. Thorkildsen's counsel's request for $77,470.00 after a trial, three evidentiary hearings and four appeals seems reasonable.

[¶ 26] Litigation must come to an end. After four district court proceedings, the retirement of the district judge who presided over those proceedings and four appeals, it is time for this matter to come to an end. While it is true that when this Court reverses a ruling on an issue of law, we typically remand the matter for a factual determination by the district court, this case is any-

thing but typical. W.R.C.P. 1 provides that the rules of civil procedure, which govern procedure in all courts of record in Wyoming, "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." This Court has said there may be no more important provision in the rules of procedure than the provision in Rule 1 for a just and speedy determination of every action. *Weiss v. State ex. rel. Danigan,* 434 P.2d 761, 763 (Wyo.1967). Contrary to the rule, this case has been unnecessarily protracted, causing Mr. Thorkildsen's counsel to expend numerous hours attempting to obtain for his client the fees to which he was entitled as the prevailing party in this case. Under these particular circumstances, we conclude his request for attorney fees is fair and reasonable and another remand is unnecessary.

[¶ 27] We reverse and remand this matter to the district court for entry of an order awarding Mr. Thorkildsen attorney fees in the amount of $77,475.00 as requested in his January 2009 motion.