2012 WY 8

**John THORKILDSEN, Appellant
(Defendant),**

v.

**Margot BELDEN, and Fish Creek
Design, LLC, Appellees
(Plaintiffs).**

No. S–11–0146.

Supreme Court of Wyoming.

Jan. 20, 2012.

Representing Appellant: David G. Lewis, Attorney at Law, Jackson, Wyoming.

Representing Appellees: Richard J. Mulligan, Mulligan Law Office, Jackson, Wyoming; Heather Noble, Jackson, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]  In the fourth appeal of this matter, this Court took it upon itself to end this litigation, and in a specific remand, we directed the district court to enter an order awarding John Thorkildsen (Thorkildsen) attorney fees in the amount of $77,475.00.  Now, in the fifth appeal of this matter, Thorkildsen challenges the district court's entry of the order we directed, claiming he is entitled to prejudgment interest on the fee award.  We affirm the district court's Order Awarding Attorney's Fees.

## ISSUES

[¶ 2]  Thorkildsen presents the following issues on appeal:

1.  Did the District Court erroneously decide that the Defendant Thorkildsen was not entitled to have prejudgment interest assessed on the attorney fees awarded him by the Wyoming Supreme Court in its decision *Thorkildsen v. Belden, et al.*, 2011 WY 26, ¶ 27, 247 P.3d 60, 67 (Wyo.2011)?

2.  Whether the District Court correctly interpreted the decision in *Thorkildsen v. Belden, et al.*, 2011 WY 26, ¶ 27, 247 P.3d 60, 67 (Wyo.2011) to foreclose the defendant from seeking an award of prejudgment interest in any event.

## FACTS

[¶ 3]  This case began in 2004, when Margot Belden and Fish Creek Designs, LLC (Fish Creek) filed suit against Thorkildsen claiming a breach of the LLC agreement and that Thorkildsen and his wife owed Fish Creek for payments it made on a loan.  After a bench trial, the district court ruled in favor of the Thorkildsens.  Belden and Fish Creek appealed, and this Court ruled that the district court erred when it did not consider parol evidence of a separate agreement regarding the loan repayment.  *Belden v. Thorkildsen*, 2007 WY 68, 156 P.3d 320 (Wyo. 2007) (*Belden I*).  On remand, after consideration of the additional evidence, the district court again ruled in favor of Thorkildsen.  It also ruled that Thorkildsen was entitled to reimbursement of costs and expenses in-

curred as a result of defending against the complaint. Belden and Fish Creek again appealed, and this Court affirmed. *Belden v. Thorkildsen,* 2008 WY 145, 197 P.3d 148 (Wyo.2008) (*Belden II* ).

[¶ 4] In January of 2009, Thorkildsen filed a motion seeking $79,545.09 in attorney fees and costs. The district court awarded costs of $2,070.90, but it did not rule on attorney fees. Thorkildsen appealed, and this Court affirmed the award of costs and remanded the matter to the district court for findings of fact and conclusions of law on the claim for attorney fees. *Thorkildsen v. Belden,* 2010 WY 17, 223 P.3d 1291 (Wyo.2010) (*Thorkildsen I* ).

[¶ 5] On remand, the district court denied the attorney fees motion on the ground that Thorkildsen failed to segregate his fees. Thorkildsen appealed again, and this Court held that the district court erred in requiring the fee segregation. *Thorkildsen v. Belden,* 2011 WY 26, 247 P.3d 60 (Wyo.2011) (*Thorkildsen II* ). We also decided, given the protracted litigation in this case, that we would not remand for fact findings. Instead, this Court, noting that "it is time for this matter to come to an end," took the unusual step of making a factual determination that the attorney fees Thorkildsen requested were reasonable. *Id.,* ¶¶ 23–25, 247 P.3d at 66. We then ordered:

> We reverse and remand this matter to the district court for entry of an order awarding Mr. Thorkildsen attorney fees in the amount of $77,475.00 as requested in his January 2009 motion.

*Id.,* ¶ 27, 247 P.3d at 67.

[¶ 6] On remand, Thorkildsen modified his attorney fee motion to also request a seven-percent prejudgment interest on the fee award. The district court, this time with a new judge presiding, entered an order awarding the directed $77,475.00 in attorney fees and denying the requested prejudgment interest. In so ordering, the district court stated that Thorkildsen "seeks to amend the award by claiming an additional seven per cent prejudgment interest on the attorney's fees. The Court finds that this addition would be inconsistent with the Supreme Court's mandate."

## STANDARD OF REVIEW

[¶ 7] Unless otherwise specified by statute, the decision whether to award prejudgment interest on a judgment or award is a question of law that we review *de novo. Stewart Title Guaranty Co. v. Tilden,* 2008 WY 46, ¶ 21, 181 P.3d 94, 102 (Wyo.2008); *Rissler & McMurry Co. v. Atlantic Richfield Co.,* 559 P.2d 25, 34 (Wyo.1977).

## DISCUSSION

### Prejudgment Interest

[¶ 8] Prejudgment interest is an accepted form of relief where a claim is "liquidated." *Pennant Service Co., Inc. v. True Oil Co., LLC,* 2011 WY 40, ¶ 36, 249 P.3d 698, 711 (Wyo.2011). A liquidated claim is one that is readily computable by basic mathematical calculation. *Id.; Stewart Title,* ¶ 26, 181 P.3d at 103.

> Prejudgment interest is allowed on the theory that an injured party should be fully compensated for his or her loss. It is the compensation allowed by law as additional damages for lost use of money due as damages during the lapse of time between the accrual of the claim and the date of judgment. It is appropriate when the underlying recovery is compensatory in nature and when the amount at issue is easily ascertainable and one upon which interest can be easily computed.

*Pennant,* ¶ 36, 249 P.3d at 711 (quoting *Stewart Title,* ¶ 28, 181 P.3d at 103–04). "An unliquidated claim can be converted into a liquidated claim if the amount claimed can be determined, *inter alia,* 'without reliance on opinion or discretion.'" *Cargill, Inc. v. Mountain Cement Co.,* 891 P.2d 57, 66 (Wyo. 1995) (quoting *Rissler & McMurry,* 559 P.2d at 33).

[¶ 9] Thorkildsen contends that his attorney fees claim is a liquidated claim. He points to the three affidavits attached to his attorney fees motion, describing the legal services provided by his attorney and the amounts billed for those services, and argues that from those affidavits, the amount claimed can be calculated as a sum certain.

We reject this argument because it fails to consider the analysis and discretion a court brings to an award of attorney fees.

[¶ 10] Wyoming generally subscribes to the American rule regarding the recovery of attorney fees, under which rule each party pays his or her own fees. A prevailing party may, however, be reimbursed for attorney fees when provided for by contract or statute. *Weiss v. Weiss*, 2009 WY 124, ¶ 8, 217 P.3d 408, 410 (Wyo.2009); *Forshee v. Delaney*, 2005 WY 103, ¶ 7, 118 P.3d 445, 448 (Wyo.2005). In determining the reasonableness of the fees requested, a trial court must follow the federal lodestar test, which requires a determination of "(1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward." *Weiss*, ¶ 8, 217 P.3d at 410–411 (quoting *Forshee*, ¶ 7, 118 P.3d at 448). Additionally, even if fees are provided by a valid contractual provision, "a trial court has the discretion to exercise its equitable control to allow only such sum as is reasonable or the court may properly disallow attorney's fees altogether on the basis that such recovery would be inequitable." *Dewey v. Wentland*, 2002 WY 2, ¶ 50, 38 P.3d 402, 420 (Wyo.2002).

[¶ 11] As our decisions illustrate, under Wyoming law, an award of attorney fees is generally not the result of a mathematical computation. The fees described by affidavit are merely the starting point of the analysis, and it is through a court's exercise of discretion that it determines what portion of the amount requested is reasonable and equitable under the particular circumstances of a given case. The analysis this Court itself undertook in determining the fees that should be awarded Thorkildsen illustrates the discretionary nature of the determination:

> Ordinarily, a determination by this Court that a party is entitled to attorney fees in accordance with the terms of a written agreement would require remand to the district court for determination of the fee amount. This, however, is not an ordinary case. What began in 2004 with

the filing of Ms. Belden's and the LLC's complaint evolved into an unnecessarily complicated and protracted legal battle. We are disinclined to send this back yet again for the district court to resolve. Compare *Lieberman v. Mossbrook*, [2009 WY 65,] ¶ 48, 208 P.3d 1296, 1310 (Wyo. 2009), in which this Court declined to remand for determination of damages after reversing the district court's judgment on liability.

The factors to be considered in awarding fees are set forth in Wyo. Stat. Ann. § 1–14–126(b) (LexisNexis 2009):

(b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:

(i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

(iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;

(v) The time limitations imposed by the client or by the circumstances;

(vi) The nature and length of the professional relationship with the client;

(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) Whether the fee is fixed or contingent.

Mr. Thorkildsen's attorney fee request included the affidavit of counsel, which contained six pages itemizing the time he spent in representing his client between May of 2002, when the dispute arose, and June of 2008, when he appeared before this Court. It does not include the time spent preparing for and appearing at the two subsequent district court hearings, one in which the court awarded costs and no

fees, and a second in which the district court denied the motion for fees. It also does not include the time counsel spent preparing and appearing for argument in this Court in two subsequent appeals. Although Ms. Belden and the LLC complain the fee is unreasonable because it includes travel time charged at counsel's usual hourly rate for the first two appeals and more time for research and brief writing than their counsel spent on those activities, we conclude any excess is more than balanced out by the time spent on later proceedings that is not included in Mr. Thorkildsen's counsel's billing statement. We also note that Ms. Belden and the LLC supported their claim that the fees were unreasonable not with the affidavit of an uninvolved third party but only with their own attorney's self-serving affidavit. Finally, it is worth repeating that Ms. Belden's and the LLC's attorney sought fees in the amount of $25,000 even before this matter went to trial or was appealed. By comparison, Mr. Thorkildsen's counsel's request for $77,470.00 after a trial, three evidentiary hearings and four appeals seems reasonable.

*Thorkildsen II*, ¶¶ 23–25, 247 P.3d at 66.

[¶ 12] Plainly, this Court's analysis was not a mere mathematical calculation based on the billing figures contained in the affidavits of Thorkildsen's attorney. We reviewed the fee request and decided the amount to award based not on a mathematical calculation but rather on the basis of what was reasonable and equitable under the circumstances of this case. We therefore cannot agree with Thorkildsen that the attorney fees award was a liquidated claim.

[¶ 13] Our decision in *Stewart Title* does not change our analysis or this result. *Stewart Title* was decided under a provision of the Insurance Code that specifically provided that in an action against an insurance company, a court may award "a reasonable sum as an attorney's fee and interest at ten percent (10%) per year." *See Stewart Title*, ¶ 22, 181 P.3d at 102 (quoting Wyo. Stat. Ann. § 26-15-124(c)). In that case, we first considered whether the statute authorized an award of prejudgment or post-judgment interest on an

attorney fees award. *Id.* We concluded that because post-judgment interest was already provided for statutorily, the Insurance Code meant to provide for prejudgment interest. *Id.* We then turned to the question whether the prejudgment interest applied to attorney fees awards. This Court concluded that in light of the statutory purpose of encouraging claims settlement and discouraging the unreasonable rejection of claims, the prejudgment interest did apply to awards of attorney fees. *Id.*, ¶¶ 24, 26–28, 181 P.3d at 103–04. From there, the only remaining question was whether the district court abused its discretion in awarding prejudgment interest under the particular circumstances of that case. We concluded it did not. *Id.*, ¶ 28, 181 P.3d at 104.

[¶ 14] Since this case does not arise under the Insurance Code or any other statute authorizing prejudgment interest on an attorney fees award, the *Stewart Title* analysis and policy considerations do not apply here.

### Sanctions

[¶ 15] Belden argues there was no reasonable cause for Thorkildsen's appeal in this matter and has requested that this Court thus enter an order of sanctions against Thorkildsen pursuant to Rule 10.05 of the Wyoming Rules of Appellate Procedure. With regard to sanctions, we have said:

> "Generally, this Court is reluctant to impose sanctions, but we will make such an award in those rare circumstances where an appellate brief lacks cogent argument, is devoid of pertinent authority to support the claims of error, and/or fails to make adequate references to the record."

*Veile v. Bryant*, 2005 WY 150, ¶ 11, 123 P.3d 562, 565 (Wyo.2005) (quoting *Gray v. Stratton Real Estate*, 2001 WY 125, ¶ 11, 36 P.3d 1127, 1129–30 (Wyo.2001)).

[¶ 16] We felt we had made it clear in our fourth decision in this case that it was time for this litigation to end, and we thus understand Belden's frustration with this additional and perhaps inadvisable appeal. Nonetheless, we do not find Thorkildsen's appeal to be so utterly without basis as to be one of those rare cases where sanctions are war-

ranted, and we therefore deny Belden's request for sanctions.

### CONCLUSION

[¶ 17]  The award of Thorkildsen's attorney fees was not a liquidated claim, and Thorkildsen was therefore not entitled to prejudgment interest on the award.  We affirm the order of the district court.