2012 WY 59

**Chip DAVE, Appellant (Plaintiff),**

v.

**Bill VALDEZ, individually, Appellee (Defendant).**

No. S–11–0231.

Supreme Court of Wyoming.

April 13, 2012.

Representing Appellant: Michael W. Stulken of Mathey Law Office, Green River, Wyoming.

Representing Appellee: Richard H. Honaker of Honaker Law Offices, LC, Rock Springs, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] Chip Dave (the appellant) purchased a car on eBay. Before he took possession of the vehicle, the seller sold it to another buyer, Bill Valdez (the appellee). The appellant filed a complaint against the appellee citing a number of causes of action, including replevin. Following the appellee's failure to respond to the appellant's second amended complaint, a default judgment was entered and the appellant was granted a writ of replevin ordering the appellee to relinquish possession of the vehicle. The appellant now appeals the district court's denial of an award of attorney fees. We affirm.

## ISSUE

[¶ 2] Did the district court abuse its discretion by denying the appellant's request for attorney fees?

## FACTS

[¶ 3] In October 2006, the appellant purchased a car through a transaction on eBay. The appellant paid the seller $2,580 and received a bill of sale. The seller agreed to hold the car until the appellant could arrange for the car to be transported to California. The following month, before the vehicle was picked up, the appellee offered the seller several hundred dollars more for the vehicle. The seller accepted and the appellee took

possession of the car and later obtained title to the vehicle.

[¶ 4] The appellant filed a complaint in circuit court. This action was later transferred to district court due to the amount of money in controversy. The appellant's second amended complaint alleged five causes of action—replevin, tortious interference with contract, conversion, violation of motor vehicle statutes fraudulently to obtain title, and abuse of process. The appellee failed to answer the second amended complaint and a Certificate of Default was entered. At the final default hearing, the entry of default was upheld and the court issued a writ of replevin ordering the appellee to surrender the vehicle to the appellant. The district court scheduled a hearing on the appellant's request for attorney fees. At that hearing the district court denied the appellant's request. The appellant now appeals that determination.

### STANDARD OF REVIEW

[¶ 5] A denial of attorney fees will be reviewed for an abuse of discretion. *Am. Nat'l Bank v. Sara,* 2011 WY 9, ¶ 14, 246 P.3d 294, 299 (Wyo.2011). "A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances." *Id.* (quoting *Cline v. Rocky Mountain, Inc.,* 998 P.2d 946, 951 (Wyo.2000)).

### DISCUSSION

[¶ 6] Wyoming law abides by the American rule, providing that each party is responsible for his or her own attorney fees. *Thorkildsen v. Belden,* 2012 WY 8, ¶ 10, 269 P.3d 421, 424 (Wyo.2012). "A prevailing party may, however, be reimbursed for attorney fees when provided for by contract or statute." *Id.* The appellant argues that the appellee violated the appellant's rights as a lien holder by failing to give proper notice prior to pursuing a title to the vehicle. Wyo. Stat. Ann. § 29–7–105(b) (LexisNexis 2011). The appellant relies on the following subsection in making his claim for attorney fees: "A lien claimant is liable for *damages* caused by failure to comply with this section." Wyo. Stat. Ann. § 29–7–105(j) (LexisNexis 2011)

(emphasis added). The appellant argues that the district court abused its discretion by failing to consider that an award of damages may include attorney fees.

[¶ 7] We disagree with the appellant. The statutory exception to the American rule arises where a statute explicitly makes available an award of attorney fees. Here, the statute relied upon by the defendant refers only to damages. Where the legislature has chosen to allow for attorney fees, either independently or as a portion of damages, it has done so explicitly. For example, the legislature has made use of the statutory exception by permitting recovery of "damages sustained and the costs of the action, including a reasonable attorney's fee" and "damages plus court costs and reasonable attorney's fees." Wyo. Stat. Ann. §§ 12–9–116(c) and 33–23–103(b) (LexisNexis 2011). *See also, e.g.,* Wyo. Stat. Ann. §§ 1–1–115(c), 1–1–126(a), 1–1–128(a), 1–15–509(b), 1–16–605(a)(ii)(B), 1–40–303(d), 3–1–111(g), 6–3–901(d), 7–3–504(a), 12–9–119, 30–2–210(b), 31–2–105(d), 31–16–114, 33–44–113(a) (LexisNexis 2011). Here, the legislature elected not to include attorney fees with an award of damages for a violation of Wyo. Stat. Ann. § 29–7–105(b).

[¶ 8] The appellant also argues that there is an exception to the American rule in replevin actions where fraud is involved. In the instant case, the district court issued a writ of replevin requiring that the appellee surrender the vehicle to the appellant following an entry of default due to the appellee's failure to respond to the appellant's second amended complaint. As a result of the default judgment, the facts as alleged in the appellant's complaint are deemed admitted by the appellee, including that the appellee fraudulently obtained title to the vehicle at issue. The appellant argues that he is entitled to an award of attorney fees under this exception because the appellee fraudulently obtained title to the vehicle.

[¶ 9] We find that the appellant's contention is not entirely correct. There is an exception to the American rule in replevin actions where fraud is involved, but only where fraud exists in the bringing of the action. "[W]e find there is substantial agreement among the cited authorities that there

is an exception to the rule against recovery of attorneys' fees where there is fraud, malice, oppression, or willful wrong *in the bringing of an action in replevin.*" *Olds v. Hosford,* 354 P.2d 947, 950 (Wyo.1960) (emphasis added). The appellant, however, was the party who brought the replevin action currently under review. This exception is, therefore, inapplicable.

[¶ 10] *Olds* also suggests that "punitive damages are properly allowed in cases where there have been particular circumstances of fraud, oppression, or wrong in the taking or detention of the property." 354 P.2d at 950. In the instant case, however, there was no award of punitive damages; the appellant was granted possession of the vehicle and was awarded damages only to cover the cost of vehicle transportation. "[W]e have never ordered payment of attorney fees in a case that did not involve either punitive damages or a statutory or contractual provision for fees." *Wells Fargo Bank Wyo., N.A. v. Hodder,* 2006 WY 128, ¶ 59, 144 P.3d 401, 420 (Wyo.2006).

## CONCLUSION

[¶ 11] Following an entry of default against the appellee, the district court issued a writ of replevin requiring the appellee to relinquish possession of a vehicle previously purchased by the appellant, but the district court denied the appellant's request for attorney fees. The appellant appealed that denial, arguing that the American rule, requiring each party to pay his or her own attorney fees, was inapplicable. We disagree. The statutory exception to the American rule applies only where the legislature has made it explicit that attorney fees will be allowed; here, the statute relied upon by the appellant makes reference only to damages. The exception for certain replevin actions involving fraud is also inapplicable. This exception only allows for attorney fees when the replevin action was initiated fraudulently. The district court did not abuse its discretion in denying the appellant's request for attorney fees and we therefore affirm.